Per curiam :
From the judgment of the Court of Claims in this case an appeal was taken to the Supreme Court of the United States. The appellant there, who was the plaintiff here, filed a motion to remand the record, with instructions to the Court of Claims to take evidence, by deposition or otherwise, and to certify therefrom the facts therein upon certain points set forth in the motion. The order of the Supreme Court upon that motion is that on consideration of the motion of the appellant to remand this cause to the Court of Claims for further finding of facts it is ordered that the said motion be, and the same is hereby, granted.
Since tfiat order the plaintiff has taken depositions to prove that he has been ready, willing, and able to discharge the duties of the office from which he was removed. Additional findings of fact have been made.
It has been a long-continued practice in the Court of Claims that admissions of fact by a representative of the defendant made at the bar in course of trial will not be accepted by the court in the absence of evidence in ■ the record, unless such admissions be by the Attorney General or his authorized assistant, and in writing.
The reasons for this practice has been stated in decisions. Manifestly, besides other reasons, the court can not be expected to carry such admissions in mind or subject itself to the criticism of making findings that there is nothing in the record to sustain.
In its attempt to enforce this practice there has now been adopted a rule of the court which specifically provides that a stipulation shall be in writing, duly signed by designated representatives of the Government, and that otherwise the court will not pay attention to stipulations of attorneys.
This court is in doubt as to whether the order of the Supreme Court is intended as a direction that it shall proceed as upon a new trial. We construe the order as remanding the cause “ for further finding of facts.”
In another case (Nicholas v. United States, No. 168 in the Supreme Court, ante, p. 188), an order was made upon a motion to remand the cause for further findings of fact. The *215 motion was granted “ and the Court of Claims is directed to set aside its judgment and reopen the case.”
In the absence of an order directly setting aside the judgment from which the appeal was'prosecuteql, or directing this court to set it aside, it is our view that we can not set aside the judgment because of the time that has elapsed since its rendition, and, because further, the appeal removed the case from this court to the Supreme Court.
We therefore think that our jurisdiction in the matter is limited to making findings of fact upon the points stated in the motion, and certifying the same. If the judgment were set aside we would have to treat the matter as upon a new trial; but in the present condition of the record, as we view it, the appeal is in the Supreme Court.
The clerk will be ordered to certify a copy of the additional findings and this memorandum to constitute a part of the record in the case.