## ZAGURSKI v UNITED STATES.

### No. 46205.

Court of Claims.

May 7, 1945.

William T. Hannan, of Washington, D. C. (Louis J. Roma, Jr., of Philadelphia, Pa., on the brief), for plaintiff.

Clay R. Apple, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

This case is before us on defendant's motion to dismiss the petition.

Plaintiff, alleging that he was unlawfully discharged from his position as an electric craneman in the Philadelphia Navy Yard, sues for the salary of which he alleges he has been unlawfully deprived.

He alleges that he was discharged on March 5, 1941, because, as stated in the letter to him enclosing his discharge card, which is attached as an exhibit to his petition, "you definitely knew that you were born in a foreign country and intentionally and wilfully falsified concerning your name and place of birth and citizenship when you filed your application, and, in addition, that you gave the same false information when you joined the U. S. Army in 1919." He alleges that he remained unemployed until June 5, 1941, when he was employed by the Pennsylvania Forge Company, and that he worked with this company, at wages less than he had been receiving with defendant, until May 4, 1943, when he was reemployed by defendant at the Philadelphia Navy Yard in his former capacity as an electric craneman. He sues for the loss of wages in the interim.

The defendant defends on several grounds among which is that plaintiff had been guilty of laches in asserting his claim.

The petition shows that after receipt of the letter of March 5, 1941, enclosing his discharge card, plaintiff complained thereof to the Secretary of the Navy, who referred him to the Civil Service Commission. He does not allege that he got in contact with that commission, but it is inferable that he did not, since he alleges that commission had no jurisdiction of the matter. The next action which he alleges he took was on May 29, 1944, more than three years later, when he again wrote the Secretary of the Navy requesting a hearing, and was again referred to the Civil Service Commission. His suit was filed on August 11, 1944.

Thus, for a period of over three years and a half, plaintiff took no action to secure the rights of which he claims he has been deprived. It, therefore, must be held, under the authority of Arant v. Lane, 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650; Nor-

ris v. United States, 55 Ct.Cl. 208; 257 U.S. 77, 42 S.Ct. 9, 66 L.Ed. 136; and Nicholas v. United States, 257 U.S. 71, 42 S.Ct. 7, 66 L.Ed. 133, that plaintiff has been guilty of laches and is not entitled to recover.

In the Arant case plaintiff had protested against his removal and refused to relinquish his position or to give up the property in his charge until he was forcibly ejected and his papers seized. He waited for about 20 months to take action in court to secure his rights. The Supreme Court said [249 U.S. 367, 39 S.Ct. 294]:

"When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the Government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.

"Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years. Such a long delay must necessarily result in changes in the branch of the service to which he was attached and in such an accumulation of unearned salary that, when unexplained, the manifest inequity which would result from reinstating him renders, the application of the doctrine of laches.to his case peculiarly appropriate in the interests of justice and sound public policy."

In Norris v. United States, 257 U.S. 77, 42 S.Ct. 9, 66 L.Ed. 136, plaintiff delayed for a period of 11 months to bring suit for the salary of which he had been deprived. This delay, the court held, prevented him from recovering.

In Nicholas v. United States, 257 U.S. 71, 42 S:Ct. 7, 66 L.Ed. 133, plaintiff delayed three years to bring suit for the wages to which he alleged he was entitled, and the court held that he was barred by laches, on the principle set out in the quotation from the Arant case.

It is unnecessary to discuss the other defenses raised in defendant's motion to dismiss, since we are of opinion that plaintiff is clearly barred from recovery by his long delay in suing on his claim. Defendant's motion is sustained and plaintiff's petition is dismissed. It is so ordered.

WHALEY, Chief Justice, and MADDEN and LITTLETON, Judges, concur.

JONES, Judge, took no part in the decision of this case.