# UNITED STATES EX REL. ARANT v. LANE, SECRETARY OF THE INTERIOR.

## ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 441. Argued March 6, 7, 1919.—Decided March 31, 1919.

Under the Code of the District of Columbia, as on general principle, the allowance of the writ of mandamus is a matter of sound judicial discretion, and applications therefor are limited as to time by the equitable doctrine of laches and are not within the general statutes of limitations. P. 371.

After his removal from office and forcible ejection from a government office building, relator waited 20 months before applying for mandamus against his superior, the Secretary of the Interior, to compel reinstatement. In the absence of a satisfactory explanation, *held,*

that the delay amounted to laches, it appearing that another appointee had meantime been filling the office, performing its duties and drawing the salary.

47 App. D. C. 336, affirmed.

THE case is stated in the opinion.

*Mr. H. Prescott Gatley*, with whom *Mr. Samuel Maddox* and *Mr. J. H. Carnahan* were on the brief, for plaintiff in error, besides arguing the merits, urged that the mere lapse of time was not enough to bar the relief sought, because the petition averred that from the time of his removal the relator made every reasonable effort to have his rights recognized and to be restored to his position, but without avail, and by his attorneys had made formal request for restoration; which allegations were not properly denied. The relator was not to be condemned because he did not fly to the courts without exhausting the possibilities of amicable adjustment. Rather should the law, which discourages litigation, commend his course. And the delay had worked no harm. There was no pretense of loss of evidence; no change of situation; no intervening rights of innocent third parties. The question was one of law, pure and simple, without dispute of fact. And surely, in such circumstances, the doctrine of laches ought not to be allowed to act as a cloak for a grievous injustice. The fact that a successor had drawn the salary did not affect the situation, for relator, if unlawfully removed, was entitled to the compensation of the office (*United States* v. *Wickersham*, 201 U. S. 390), whether successful in this proceeding or not.

Under c. 42 of the Code of the District of Columbia, §§ 1273–1282, mandamus is a writ of right. It is a common-law remedy, *Heine* v. *Levee Commissioners*, 19 Wall. 655; *Kentucky* v. *Dennison*, 24 How. 66; *Decatur* v. *Paulding*, 14 Pet. 524; *Kendall* v. *United States*, 12 Pet. 524; and § 1265 of the Code is applicable, allowing three years

within which to bring action. Laches is no defense to a law action. *Roller* v. *Clark*, 38 App. D. C. 260, 266; *Wehrman* v. *Conklin*, 155 U. S. 314, 326; *Abraham* v. *Ordway*, 158 U. S. 416, 422; *Barbour* v. *Moore*, 10 App. D. C. 30, 47.

*Mr. Assistant Attorney General Brown* for defendant in error.

MR. JUSTICE CLARKE delivered the opinion of the court.

The relator, on April 30, 1915, filed his petition in the Supreme Court of the District of Columbia for a writ of mandamus against Franklin K. Lane, as Secretary of the Interior.

He alleged: That when serving as the duly appointed superintendent of Crater Lake National Park on June 7, 1913, the defendant requested him to resign; that protesting against such removal from office, he demanded that he be furnished with a statement in writing of the reasons for his removal and that he be given a reasonable time in which to answer; that upon June 28th, he received a telegram from the defendant notifying him that he had been removed, and directing that he should transfer all Government property to his successor, who was named; that he refused to relinquish his position or to transfer the property until convinced that the order for his removal was lawful; and that upon July 20, he was forcibly ejected from the Government office building and the reccords and papers of his office were seized by Government officials.

He further averred: That as such superintendent he was in the classified Civil Service of the Government and that he could not lawfully be removed therefrom "except for such cause as would promote the efficiency" of the service and for reasons stated in writing, which he must

be given a reasonable opportunity to answer; that on July 1st, 1913, he notified the defendant that he was able and willing to perform the duties of his office, that he had so continued to the time of the filing of his petition and that he had made every reasonable effort to be restored to his position, but without avail.

His prayer was that the defendant be required to answer his petition and that upon hearing a writ of mandamus should issue requiring the defendant to vacate the order for his dismissal, and to restore him to his former office.

In response to a rule to show cause the defendant filed an answer, containing, among other things, this paragraph:

"10. He denies the allegations of paragraph 10 to the extent that the same attempt to show that he has made every reasonable effort to be restored to the office of superintendent as aforesaid, in this: That if relator were improperly or unlawfully removed from said office, under circumstances such as to justify the interference of the courts, such condition existed immediately upon relator's removal from office and upon the Secretary's refusal to continue him in said office; notwithstanding which and notwithstanding that since said time, to wit, July 1, 1913, another person has been appointed to and has discharged the duties of said office and has received the salary and allowance therefor appropriated from time to time by Congress, the relator did not seek recourse to the courts until the lapse of nearly two years, and therein has by his gross laches barred any right to the relief sought if any such right ever existed."

A demurrer to this answer or return was filed stating as a ground: "Because no cause is shown in and by said return why a writ of mandamus should not issue as prayed in the relator's petition."

This demurrer was overruled and, the relator electing to stand on his demurrer, his petition was dismissed.

It will be seen from this statement that although the relator was definitely removed from office as of June 30, 1913, and was forcibly ejected from the Government office building on July 20, 1913, he did not file his petition until more than twenty months later, April 30, 1915. His only explanation for this delay is the allegation, which was denied, that he had made every reasonable effort to have his rights in the premises accorded him and to be restored to office, but without avail.

Without discussion of the authority of the Secretary of the Interior to remove the relator without filing charges against him and giving him an opportunity to answer, the Court of Appeals affirmed the judgment of the Supreme Court of the District of Columbia on the ground of laches, and the case is here on writ of error.

In this conclusion we fully concur.

This court has lately said that while mandamus is classed as a legal remedy, it is a remedial process which is awarded, not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles, *Duncan Townsite Co.* v. *Lane,* 245 U. S. 308. It is an extraordinary remedy, which will not be allowed in cases of doubtful right, *Life & Fire Insurance Co.,* v. *Wilson,* 8 Pet. 291, 302, and it is generally regarded as not embraced within statutes of limitation applicable to ordinary actions, but as subject to the equitable doctrine of laches. *Chapman* v. *County of Douglas,* 107 U. S. 348, 355; *Duke* v. *Turner,* 204 U. S. 623, 628.

The remedy is provided for in a separate chapter (c. 42) of the Code for the District of Columbia with detailed requirements which differ so greatly from the pleading and practice prescribed for ordinary actions that we cannot doubt that Congress intended to continue the special character which has been given the proceeding from our early judicial history, *United States* v. *Lawrence,* 3 Dall. 42; *Life & Fire Insurance Co.* v. *Wilson, supra;*

and we cannot discover any intention to include it within the general provisions for the limitation of actions. (§ 1265.)

When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the Government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.

Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years. Such a long delay must necessarily result in changes in the branch of the service to which he was attached and in such an accumulation of unearned salary that, when unexplained, the manifest inequity which would result from reinstating him renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy.

In this conclusion we are in full agreement with many state courts in dealing with similar problems. *McCabe* v. *Police Board*, 107 Louisiana, 162; *Stone* v. *Board of Prison Commissioners*, 164 Kentucky, 640; *Connolly* v. *Board of Education*, 99 N. Y. Supp. 737, and cases cited; *Clark* v. *City of Chicago*, 233 Illinois, 113.

We agree with the Court of Appeals that it is entirely unnecessary to consider whether the removal of the relator from office was technically justified or not, since by his own conduct he has forfeited the right to have the action of the Secretary of the Interior reviewed, and the judgment of that court is therefore

*Affirmed.*