## STATE ex KAUFFMAN v CAMPBELL

Ohio Appeals, 1st Dist, Hamilton Co

No 5304. Decided Feb 14, 1938

Ginocchio & Ginocchio, Cincinnati, for Appellant.

Dudley M. Outcalt, Cincinnati, Walter M. Locke, Cincinnati, and I. Jack Martin, Cincinnati, for Appellees.

## OPINION

By MATTHEWS, J.

This is an appeal on questions of law from an order of the common pleas court of Hamilton county, sustaining a demurrer to the relator's petition, and dismissing his action for a writ of mandamus requiring the respondent county auditor to reinstate the relator in his position as technical clerk in the auditor's office, and requiring the respondents county commissioners to appropriate the money to pay his salary.

The petition contains a detailed recital of the events, commencing with the relator's appointment from the civil service eligible list to the position of technical clerk in the county auditor's office prior to the 31st day of March, 1935, and his dismissal without cause by the respondent county auditor on that date, and these averments are followed by other allegations of various actions taken by relator to secure reinstatement, and actions by the respondent auditor with reference to the civil service positions in his office and by the Civil Service Commission, including an action in mandamus in the Supreme Court by the Civil Service Commission against the respondent auditor to require him to reinstate other civil service employees. The petition shows that the relator seasonably appealed to the Civil Service Commission, which, in due time, ordered his reinstatement, and notified respondent auditor that unless he complied it would institute an action to compel him to do so, and that as the Auditor did not comply the Civil Service Commission "In conformity with the tenor of the Civil Service Commission's letter to the auditor, did institute an action to require the respondent auditor to recognize positions similar to relator's as being classified in the Civil Service". And it is further set forth that the Supreme Court in that action ordered relator "to recognize positions similar to relator's as being under the classified service" and, thereafter, the auditor publicly announced that he had requested the Civil Service Commission to make a survey of the positions in his office to ascertain "the rights of the relator and others who had been purportedly discharged by him" and that as a result of this survey the Civil Service Commission in January, 1937 notified the auditor that his attempted discharge of relator was illegal and "directed respondent auditor to reinstate the relator."

The relator then alleges that he made demand for reinstatement and that it was not until March 16th, 1937, that respondent auditor definitely refused to comply with his demand.

This petition was filed on March 26th, 1937.

The grounds of the demurrer are that the petition does not state facts sufficient to constitute a cause of action, and that it appears upon the face of the petition that the cause is barred by the statute of limitations.

We have been cited to no statutory limitation, and know of none, that would bar this action, and so the sole question is whether the petition shows such lapse of time with attendant circumstances as would constitute laches under general equitable principles, taking into account the nature of the right asserted and the interests affected.

In deciding this question, we must give to the averments of the petition the meaning most favorable to the relator that a reasonable construction will permit.

Well, giving such construction, what does the petition show? It shows that a dispute existed between the respondent auditor and the Civil Service Commission as to what positions in the former's office did and what did not come within the classified service. The position of technical clerk, from which the plaintiff had been discharged, and to

which the Civil Service Commission had ordered him restored, was one of these positions. The respondent did not surrender his view that all these positions were in the unclassified service and an action by the Civil Service Commission was instituted against him in the Supreme Court of Ohio to compel him to recognize these positions similar to that of technical clerk as coming within the classified service, but in this petition the relator in this case was not mentioned, nor was the position of technical clerk. The case so instituted is admitted to be the case reported under the style of State, ex rel. v Guckenberger, 131 Oh St 466.

After the decision in the aforementioned case, the respondent still delayed in applying the Civil Service law to the positions mentioned and, instead publicly announced that he intended to have a survey of his office made to determine what positions fell within the classified service. And this survey was made and as a result the Civil Service Commission again ordered the respondent to restore the relator to his position. The respondent, however, did not do so and then within ten days this action in mandamus was filed.

A fair interpretation of this petition seems to be that an irreconcilable conflict existed between the respondent and the Civil Service Commission as to the applicability of the civil service laws to the positions in the auditor's office. The Civil Service Commission took the position that the law was applicable and, in effect, championed the rights of the employees to hold their positions free from the hazard of arbitrary dismissal.

It seems clear that the employees, whose positions were expressly mentioned in the petition in that case had a right to wait until the question was decided in that case, and could not be charged with laches in so waiting. An individual action in mandamus by each of them would have uselessly encumbered the docket of the court and would not have hastened the final decision. Undoubtedly, the court would have postponed the trials of the individual cases until the common issue had been decided in the omnibus case by the Civil Service Commission, which is charged by law with the duty of administering the civil service laws. §486-7, GC.

Now does the fact that the position of technical clerk was not mentioned in the petition of the Civil Service Commission deprive the plaintiff of the benefit of that case to rebut any inference of laches that might otherwise arise against him?

It seems to us that from the allegations of the petition it can be seen that notwithstanding the position of technical clerk was not mentioned, both the Civil Service Commission and the respondent understood that the principle involved in that case was equally applicable to it. Certainly, the Commission so understood it and reaffirmed its order of restoration after the principle had been decided in that case. It also seems inferable that respondent so understood it, because upon the decision being announced he requested the Commission to make a survey of his office to determine the rights of those including relator who had been discharged.

Now if this is what happened, it seems clear that nothing the relator failed to do postponed in any way the ■■■■■■ settlement of the legal dispute that existed as to the application of the civil service law to the position in the auditor's office and, if so, it would seem that he should not be charged with laches.

But it is said that State, ex rel, v Witter, 114 Oh St 357, decides to the contrary under similar circumstances. We do not so read that case. In that case the Director of the Department of Industrial Relations notified an employee that his services were not satisfactory, and because thereof and for other assigned reasons, he was discharged. A copy of this notice was sent to the Civil Service Commission by the Director—not by the employee. There was no appeal to the Commission by the employee, but the Commission considered the charges and advised both the employee and the Director that "in its opinion, the removal was illegal and that the relator was entitled to the tenure of his office." Correspondence took place between the Commission and the Director on the subject for about three months, but neither the Commission nor the employee resorted to the courts until the employee filed the action in mandamus more than two years thereafter. These facts are in striking contrast to the allegations in the petition at bar, showing that the employee appealed to the Commission in due time for relief and obtained its order directing his restoration to his position and the subsequent action by the Commission in effect on behalf of the employee in mandamus to determine the legal dispute between it and the auditor resulting in a decision favorable to the contention of the employee,

followed by another order of restoration by the Commission, and then the institution of this action in a very short time thereafter.

The allegations in the petition in the case at bar show continuous assertion of his right by the employee and effective legal proceedings diligently pursued to determine the dispute, whereas, in State ex rel, v Witter, supra, there was inaction and silent acquiescence for more than two years before the mandamus action was instituted. A finding of laches in that case furnishes no criterion for a decision in this case.

We are of the opinion that the petition states a cause of action in mandamus, and that the court erred in sustaining the demurrer.

For these reasons, the judgment is reversed and the cause remanded for further proceedings according to law.

ROSS, PJ, and HAMILTON, J. concur.