Opinion

per curiam:

The plaintiff alleges in his petition that he has had permanent civil service career status since 1929, but that during much of the time since that date he has been on furlough or has had only temporary employment, while positions which he could have filled were given to temporary employees. He says that he complained to the Civil Service Commission and to the heads of employing agencies of the Government and that they either did not respond, or their responses misled him to think that he had no rights.
The plaintiff says that in 1955 the Federal Bureau of Investigation investigated his records and that, as a result, he was on May 16, 1955, reinstated in permanent civil service status and was appointed as a Marine Corps Inspector (Footwear) at the Marine Corps Clothing Depot at Philadelphia, Pennsylvania.
The plaintiff says that, as a result of the refusal to recognize his civil service status, his career has been ruined and *167 lie has lost 19 years of Federal employment, seniority rights, promotions, rights in retirement funds and has suffered discrimination, humiliation and worry to himself and his family. He sues for an unspecified amount, to be fixed by the court.
The Government’s motion to dismiss is based upon the statute of limitations, 28 U. S. C. 2501. It says that, so far as appears from the petition, the most recent furlough complained of was in 1946, ten years before the filing of the plaintiff’s petition in 1956. It says, correctly, that the plaintiff’s ignorance of his legal rights does not toll the statute. While it is possible that some part of the plaintiff’s claim might not be barred by the statute of limitations, we think the petition does show a rather plain case of laches, of neglect to seasonably seek enforcement of one’s legal rights, and that it would be unfair to the public treasury to compensate the plaintiff when others have been paid for doing the work which he claims he had the right to do. Plaintiff’s petition will be dismissed.
It is so ordered.