John J. BAILEY
v.
UNITED STATES.
No. 242–58.

United States Court of Claims.
Jan. 14, 1959.

Alex Akerman, Jr., Washington, D. C., for plaintiff.  Shipley, Akerman & Pickett, Washington, D. C., were on the brief.

Norman Hyman, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

BASTIAN, Circuit Judge, sitting by designation.

Plaintiff filed this suit on May 29, 1958, for back pay, claiming alleged violation of § 14 of the Veterans' Preference Act, 5 U.S.C.A. § 863.  From the record, it appears that on December 11, 1952, plaintiff, a veterans' preference eligible and an employee of the Federal Housing Administration, was given notice that it was proposed to remove him from his position.  He contends that he filed an answer to the charges and requested a hearing, which he says was denied him. On February 3, 1953, he was removed from his position.  Thereafter, he appealed the decision of the agency to the Eighth Civil Service Region, which affirmed the decision of the agency, after which he appealed to the Board of Appeals and Review of the Civil Service Commission, which, on December 18, 1953, affirmed the decision.  Plaintiff alleges that his removal as outlined was arbitrary and capricious and in violation of his rights under § 14, supra.  In answer to the petition, the defendant entered a general denial of the material allegations of the petition and, by amended answer, pleaded laches on the part of plaintiff.

The questions before us on cross motions for summary judgment are: whether plaintiff's claim was barred by laches; whether he received the procedural rights to which he was legally entitled; and whether plaintiff could complain of the alleged procedural error in the agency's action for the first time in this court, it appearing that his alleged denial of a hearing was never brought to the attention of the Civil Service tribunal.

We think the decision in this case may be determined on the issue of laches. A discharged employee is bound to assert his rights with diligence.  The reason for this is obvious:  The Government has the right to have its services disturbed as little as possible, and the Government should not be obliged to pay the salaries of two persons for a single service [1] due to delay over a long period of time.  The Supreme Court and this court have consistently, and in a large number of cases, applied the bar of laches; among those cases, Dion v. United States, 137 Ct.Cl. 166;  Baskin v. United States, 95 Ct.Cl. 455, certiorari denied, 1942, 316 U.S. 675, 62 S.Ct. 1043, 86 L.Ed. 1749;  Nicholas v. United States, 1921, 257 U.S. 71, 42 S.Ct. 7, 66 L.Ed. 133;  United States ex rel. Arant v. Lane, 1919, 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650.[2]

---

1. In this case the Government hired a replacement for plaintiff, and has paid for the service of that employee.

2. Cf. Elchibegoff v. Dulles, 1955, 95 U.S. App.D.C. 362, 363, 222 F.2d 53, where that court said: "Appellant was dismissed from his employment in the State

As the Supreme Court stated in Arant, supra 249 U.S. at page 372, 39 S.Ct. at page 294:

"Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years. Such a long delay must necessarily result in changes in the branch of the service to which he was attached and in such an accumulation of unearned salary that, when unexplained, the manifest inequity which would result from reinstating him renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy."

Plaintiff urges that the delay in this case was excusable, it deriving primarily from the fact that at the time of his removal he was continually contacting the agency for re-employment. However, defendant's administrative remedies were exhausted when on December 18, 1953, the Board of Appeals and Review of the Civil Service Commission finally affirmed his discharge. The efforts which plaintiff made in contacting the agency to seek reemployment had nothing to do with his legal rights, if any he had. The fact is that it was not until four years and five months after the Board of Appeals and Review had affirmed his discharge that this suit was filed. We think he waited too long.

Plaintiff also contends that another factor which should be taken into consideration is the fact that until this court finally settled the question on January 16, 1957, in Washington v. United States, 147 F.Supp. 284, 137 Ct.Cl. 344, there was great confusion as to what rights, if any, an employee had when a hearing was requested and denied. This position is likewise untenable. Plaintiff never pursued his right to a hearing, and

Department on June 25, 1947. On February 18, 1948, the Civil Service Commission's Board of Appeals and Review

he had no right to wait until some diligent litigant raised the point about which plaintiff here complains and had it promptly determined.

The motion for summary judgment on behalf of plaintiff will be denied and that of defendant granted. Plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.

affirmed the Department's action. This suit for reinstatement, filed March 4, 1954, is barred by laches."