265 F.2d 124
 Albert Edgar JONES, Appellant,
v.
Arthur E. SUMMERFIELD, Postmaster General of the United States, and Harris Ellsworth, et al., as members of the United States Civil Service Commission, Appellees.
 No. 14705.
 United States Court of Appeals District of Columbia Circuit.
 Argued January 28, 1959.
 Decided February 26, 1959.
 
 Mr. William J. Woolston, Philadelphia, Pa., of the bar of the Supreme Court of Pennsylvania, pro hac vice, by special leave of court, with whom Mr. Harry S. Weidberg, Washington, D. C., was on the brief, for appellant.
 Mr. Benjamin C. Flannagan, Atty., Dept. of Justice, with whom Messrs. Oliver Gasch, U. S. Atty., and Kevin T. Maroney, Atty., Dept. of Justice, were on the brief, for appellees. Mr. Anthony F. Cafferky, Atty., Dept. of Justice, also entered an appearance for appellees.
 Before EDGERTON, WASHINGTON and BASTIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This suit was brought to obtain reinstatement, based on the decision in Cole v. Young, 1956, 351 U.S. 536, 76 S.Ct. 861, 100 L.Ed. 1396, by a former Government employee who was discharged from a non-sensitive position on security grounds. Cf. Duncan v. Summerfield, 1957, 102 U.S.App.D.C. 185, 251 F.2d 896. Jones (a veteran) was removed on February 28, 1955; Cole was decided on June 11, 1956; Jones brought suit for reinstatement on January 10, 1957, in the United States District Court for the Eastern District of Pennsylvania. That suit was dismissed for lack of jurisdiction in May 1957, without prejudice. The instant suit was brought in the United States District Court for the District of Columbia on December 3, 1957. During the period after his discharge Jones and his attorneys also sought reinstatement through administrative action, writing to the President of the United States, the Civil Service Commission, and the Postmaster General. The replies were unfavorable, culminating in a letter from the Civil Service Commission on September 10, 1957, informing plaintiff that he could not be cleared for employment in the Federal competitive service. At no time did Jones seek review under Section 14 of the Veterans' Preference Act of 1944, 58 Stat. 390, as amended, 5 U.S.C.A. § 863.
 
 
 2
 We think that plaintiff-appellant is barred by laches. His suit was not brought in a proper forum until thirty-three months had elapsed after his discharge, and some seventeen months after the decision in Cole v. Young. The letters to various administrative officials do not excuse his delay in bringing suit. United States ex rel. Arant v. Lane, 1919, 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650; Grasse v. Snyder, 1951, 89 U.S.App.D.C. 352, 192 F.2d 35; Bailey v. United States, 1959, Ct.Cl., 171 F.Supp. 281.
 
 
 3
 Appellant's present counsel, relying on Duncan v. Summerfield, supra, urges on brief that "Plaintiff's first delay was to determine the results of the review by the Supreme Court of this Court's adjudication in Cole v. Young", stating that this is to be inferred because plaintiff's former counsel was evidently familiar with the Supreme Court's decision after it had been rendered. Plaintiff's second delay, it is said, was to await "the review by this Court of the District Court's adjudication of Duncan v. Summerfield." These allegations are unsupported by the pleadings or by affidavits. As far as appears, they are inferences only — of a sort which could be urged with equal plausibility in every case based on the Supreme Court's decision in Cole v. Young.
 
 
 4
 In the Duncan case, in contrast, "Duncan had discussed with his counsel the advisability of suing, but had been advised in the summer or late spring of 1954 to await the result of Cole's suit, which would be controlling." 102 U.S. App.D.C. at page 186, 251 F.2d at page 897. Under the circumstances here presented, we cannot extend Duncan to cover plaintiff's case.[1] The judgment of the District Court, dismissing the complaint on the ground of laches, must therefore be
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Cf. Tucker v. Brucker and Bernabei v. Summerfield, 1958, 102 U.S.App.D.C. 187, 251 F.2d 898. There, the Government and the attorney for the employees made a joint motion in this court in which it was recited that the delay of each employee in bringing suit "was because of his reliance upon the then pending litigation in Cole v. Young * * *." No such stipulation was made in the present case