JoNes, Chief Judge,
delivered the opinion of the court:
This is a suit on a continuing claim for salary which plaintiff alleges is due because of a wrongful separation from his employment by the Technical Cooperation Administration (TCA), later Foreign Operations Administration (FOA), and now International Cooperation Administration (ICA). The pleadings, briefs, and motions raise two issues in the case: (1) whether there was an employment situation between plaintiff and the ICA which could be a foundation for a claim of wrongful separation; and (2) if plaintiff, in fact, has a cause of action, whether it is barred by laches.
The facts briefly stated are as follows:
Plaintiff was appointed a Class III Foreign Service Officer on June 27,1948. Plaintiff completed the required Foreign Service Institute course and was assigned to duty with the Allied Military Government in Trieste, effective September 28, 1948. On December 11, 1950, he was transferred to the American Embassy in Tokyo, Japan, where he arrived in April 1951. He was next assigned to duty in Tehran, Iran, with the Technical Cooperation Administration, effective December 17, 1952. He arrived in Tehran on January 25, 1953.
*26 According to the allegations in the petition and one of the exhibits, plaintiff was given a period of statutory home leave and consultation and was then detailed for duty in Iran to the Foreign Operations Administration, the successor to TCA. This assignment became effective July 1, 1953.
In 1953, plaintiff was informed of his “selection out” of the service under a State Department regulation of July 17, 1953. The stated reason for such “selection out” was that in four successive ratings by four selection boards plaintiff had been rated in the lowest 10 percent of his contemporaries by three of these selection boards and had been rated in the lowest 25 percent of his contemporaries by the other selection board. This action was taken pursuant to section 633 of the Foreign Service Act of 1946 (60 Stat. 999). This particular act empowers the Secretary of State to determine how long Foreign Service Office personnel will be permitted to stay in grade without promotion before being retired. Plaintiff came within the operation of this determination and was separated, effective September 30,1953. He had been advised of his impending separation by letter of August 5, 1953.
Plaintiff claims that his low rating was due to the fact that he was a graduate and experienced engineer; that he was not graded on the basis of his technical skill but was rated on the ground that he was not performing routine Foreign Service reporting work and that this method of rating was unwarranted, arbitrary, and capricious.
While on leave in the United States and before notification of “selection out,” plaintiff discussed the possibility of a transfer to (or reemployment with) FOA. There is no evidence of employment by that agency.
Following his release by the State Department (called retirement by plaintiff) he was granted a Foreign Service Reserve Officer appointment which terminated by its own terms in September 1954. The reserve appointment was originally limited to June 30, 1954, but was extended to September 15, 1954, at which time plaintiff’s appointment terminated and he left the employment of the Department of State.
Plaintiff, through correspondence, sought redress from various State Department and ICA officials. Plaintiff’s initial appeal to the Civil Service Commission was filed on *27 December 12, 1957, based on alleged violations of the rights of the Veterans’ Preference Act. The Appeals Office denied the appeal on the ground of the failure to appeal within the time specified in the act. This action was affirmed on April 23, 1958. The plaintiff filed his petition in this court on June 30, 1958.
Plaintiff was advised as early as December 12,1952, that his usefulness was in work of an engineering nature rather than in general Foreign Service work, and it was unlikely that assignments of an engineering nature would turn up often enough in regular Foreign Service work to offer future possibilities for him.
Plaintiff, by personnel orders dated May 18, 1953, was ordered to the United States for consultation and statutory home leave. It was at that time that he was advised of his “selection out” and was offered and accepted an appointment in the Foreign Service Eeserve. The plaintiff asserts that he did not know of the limitation as to time when he accepted this reserve appointment, but the appointment by its terms specified that it would end June 30, 1954 (later extended to September 15, 1954).
A special act (the Foreign Service Act of 1946, supra) governs employment of this type in the State Department. For convenience, pertinent sections of the act, together with regulations pursuant thereto, are set out in the appendix.
By the terms of this act the Secretary is authorized to establish, with the advice of the Board of Foreign Service, selection boards to evaluate the performance of Foreign Service officers, and upon the basis of such board’s finding it is provided that the Secretary “shall make recommendations to the President for the promotion of Foreign Service officers.” The Secretary is authorized to establish regulations setting out the maximum period within which an officer may remain in the service without promotion, and the statute stipulates that “any officer who does not receive a promotion to a higher class within that period shall be retired from the Service * * [Emphasis supplied.] The classification of plaintiff within the lowest 10 percent was made pursuant to these statutes and regulations.
*28 We are unable to escape the conclusion that the plaintiff was separated from the service in 1953. The ratings by four successive boards placing plaintiff within either the lowest 10 percent or, in one. instance, the lowest 25 percent, made it mandatory on the Secretary to separate the plaintiff from the service. The plaintiff claims that he was not properly rated according to his training and experience. But on this question we do not think it proper to undertake to substitute our judgment for the Foreign Service officers who were charged with the duty of employing personnel to conduct the State Department’s far flung activities in other parts of the world.
Defendant’s exhibit 4, which is certified as a true copy under the seal of the Secretary of State and signed by Christian A. Herter, as Acting Secretary of State, shows a notification to the plaintiff of his separation from the service by “selection out” and his limited appointment and detail to the Foreign Operations Administration, not to exceed the need for service or June 30,1954, whichever occurs first. He was advised that he “will no longer contribute to the Foreign Service Retirement and Disability Fund.” A similar certificate by the Acting Secretary of State attaches a copy of the extension of the limited service appointment to not later than September 15, 1954.
Plaintiff’s “selection out” of the service under State Department regulation of July IT, 1953, was made mandatory on the part of the Secretary of State upon the consecutive findings of the boards to which reference has heretofore been made. Neither in this separation nor in the limited appointment to the Foreign Service Reserve did the Secretary, in the light of the applicable statutory provisions, have the discretion to retain plaintiff, since the termination of the first appointment was mandatory, and the second was automatic by its terms.
The State Department has many delicate, far-reaching and important decisions to make in its operations throughout the world. No doubt this is the reason that a special Foreign Service law was enacted, specially applicable to that service. It no doubt has great difficulty in securing proper personnel *29 who are suited to the peculiar needs of that service. For a court to hold that the action taken by the responsible officials in the State Department was arbitrary, capricious, or lacking in good faith would require clear evidence of that fact. This is not to say that it might not be shown, since all the departments in government must be handled by human beings. Mistakes are inevitable and there must be, and there is, a process for correction. In the light of the statutes and regulations, however, we find that the record as disclosed hy the pleadings, exhibits, and briefs are wholly insufficient to justify a finding of arbitrary action on the part of the personnel officers. We also find that the provisions of the statutes and regulations were complied with.
The defendant earnestly urges that the plaintiff is guilty of laches in delaying for a period of more than three and one-half years from the time any right of action occurred before filing of the petition. It quotes from the cases of United States ex rel. Arant v. Lane, 249 U.S. 367 (1919), and Bailey v. United States, 144 C. Cls. 720.
There is no doubt that in cases where salary is involved consideration of public policy make it important that prompt action should be taken so that “the Government service may be disturbed as little as possible and two salaries shall not be paid for a fixed service.” What is a reasonable time must depend upon the circumstances of each case, but certainly in the absence of clearly justifiable delay a claimant should not be permitted to unduly delay action and thus occasion unnecessary expense to the Government and prevent the Government having an opportunity for an early correction of any mistake that may have been made.
However, in view of the conclusion we have reached on other phases of the case it is not necessary for us to pass upon the question of laches.
Defendant’s motion for summary judgment is granted. Plaintiff’s motion for summary judgment is denied and plaintiff’s petition is dismissed.
It is so ordered.
LittletoN, Judge (Bet.); Laramore, Judge; MaddeN, Judge; and Whitaker, Judge, concur.
*30 APPENDIX
Foreign Service Act of 1946, 60 Stat. 999, 1009, 1014, 1015.
*****
Sec. 522. Whenever the services of a person who is a citizen of the United States and who has been such for at least five years are required by the Service, the Secretary may—
(1) appoint as a Reserve officer for nonconsecutive periods of not more than four years each, a person not in the employ of the Government whom the Board of the Foreign Service shall deem to have outstanding qualifications of a specialized character * * *.
*****
Sec. 623. The Secretary is authorized to establish, with the advice of the Board of the Foreign Service, selection boards to evaluate the performance of Foreign Service officers, and upon the basis of their findings the Secretary shall make recommendations to the President for the promotion of Foreign Service officers. No person assigned to serve on any such board shall serve in such capacity for any two consecutive years.
# j¡t % >jc ‡
Sec. 633. The Secretary shall prescribe the maximum period during which Foreign Service officers in classes 2 or 3 shall be permitted to remain in such classes without promotion. Any officer who does not receive a promotion to a higher class within that period shall be retired from the Service and receive retirement benefits in accordance with the provisions of section 821.
Regulation of July 17,1953:
1. Any Foreign Service Officer in classes 2 through 5 who:
(a) has been rated in the lowest 25% of his class by three out of the last four Selection Boards, including the 1952 Selection Board;
(b) has not been promoted as a result of the recommendations of the last three Selection Boards; and
(c) who has been rated in the low ten per cent of those eligible for promotion by one of the last four Selection Boards
shall be retired from the Service under the provisions of Sections 633 and 634 of the Foreign Service Act of November 13, 1946. Any officer eligible for voluntary retirement or who becomes eligible during the year 1953 and who requests it may be granted such retirement in lieu of selection out.
2. In addition to those officers in class 6 who, although eligible, have failed to receive recommendations for promotion by any of the last 3 Selection Boards, any officer in class 6 who has been rated in the lowest 10% of his class by two Selection Boards, including the 1952 Selection Board, shall be separated from the Service.
3. The retirement or separation of any officer affected by these provisions shall become effective within 120 days of the date of approval of these recommendations by the Secretary, except that the retirement or separation of any officer who becomes eligible for voluntary retirement after such period and on or before December 31, 1953 shall become effective within 60 days of the date of his eligibility for retirement.
4. The foregoing provisions shall cease to be operative on December 31, 1953.
[Issued pursuant to section 633 of the Foreign Service Act of 1946, supra.]