**John A. COUGHLIN**

**v.**

**S. P. RYDER, Regional Director, Third United States Civil Service Region.**

**Civ. A. No. 33400.**

United States District Court
E. D. Pennsylvania.

Feb. 25, 1964.

George E. Goldstein, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Merna B. Marshall, Asst. U. S. Atty., Lorraine W. Hurney, District Director, Immigration & Naturalization Service, United States Dept. of Justice, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Plaintiff was dismissed from his position of general investigator for the Immigration and Naturalization Service of the Department of Justice. In this action he asks that he be reinstated to his former position with back pay.

Defendant has filed a motion to dismiss the action on the grounds (a) that plaintiff is guilty of laches and (b) that he has failed to join indispensable parties.

Plaintiff was employed by the Immigration and Naturalization Service from March 16, 1929 to March 17, 1961. He was dismissed because of charges of improper conduct which had been made against him. He appealed the order of discharge through various administrative channels until a final administrative decision was made against him on June 20, 1961. The action in this court was started on May 7, 1963.

The application of the rule of laches to a case of this type was discussed in United States ex rel. Arant v. Lane, 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650 (1919) in a case involving a national park superintendent. The Supreme Court said, 249 U.S. at page 372, 39 S.Ct. at page 294, 63 L.Ed. 650:

"When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.

"Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years. Such a long delay must necessarily result in changes in the branch of the service to which he was attached and in such an accumulation of unearned salary that, when unexplained, the manifest inequity which would result from reinstating him renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy."

 There is no explanation as to why the plaintiff waited almost two years after the end of his administrative actions before he brought the action in this court.[1] The plaintiff in the Lane case waited twenty months to start his court action, which is a shorter time than the time which elapsed in the present case. It seems to me that the principle set forth in the above mentioned quotation from the Lane case must be applied to the present case and that the present action must be dismissed because of laches. See also Norris v. United States, 257 U.S. 77, 42 S.Ct. 9, 66 L.Ed. 136 (1921), Drown v. Higley, 100 U.S.App.D.C. 326, 244 F.2d 774 (D.C.Cir.1957), Jones v. Summerfield, 105 U.S.App.D.C. 140, 265 F.2d 124 (D.C.Cir.1959), cert. denied, 361 U.S. 841, 80 S.Ct. 93, 4 L.Ed.2d 80 (1959).

The present action has been brought against the Regional Director of the Third United States Civil Service Region. Defendant contends that the individual members of the Civil Service Commission are indispensable parties and that the action is defective because the in-dividual members have not been joined as parties. Plaintiff answers this by requesting permission to file an amended complaint to join the individual members as defendants. Since the action must be dismissed because of laches the contentions arising from the failure to join the individual members of the Civil Service Commission will not be discussed.

---

1. Plaintiff suggests that during the two year period he attempted to assert his claim by writing letters to various administrative officials. It appears, however, that the first letter was not written until May 31, 1962, some 11 months after final administrative action on plaintiff's case. Moreover, writing letters to officials is not the diligent assertion of rights required of a discharged government employee to prevent the application of the doctrine of laches to his action. See Jones v. Summerfield, 105 U.S. App.D.C. 140, 265 F.2d 124 (D.C.Cir. 1959), cert. denied 361 U.S. 841, 80 S.Ct. 93, 4 L.Ed.2d 80 (1959); Bailey v. United States, 171 F.Supp. 281, 144 Ct.Cl. 720 (Ct.Cl.1959).