Francis X. GARDNER

v.

Jean J. BARRON, Regional Commissioner, Internal Revenue Service, Philadelphia, Pa., John W. Macy, Chairman, L. J. Andolsek, and Robert E. Hampton, Members of the Civil Service Commission of the United States.

Civ. A. No. 35013.

United States District Court
E. D. Pennsylvania.

March 11, 1965.

Isidor Ostroff, D. Russell Young, Jr., Ostroff, Lawler & Baker, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., James Lightfoot, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

DAVIS, District Judge.

Plaintiff was employed as a criminal investigator for the Alcohol and Tobacco Tax Division of the Internal Revenue Service. In September, 1958, a charge of immoral conduct was lodged against the plaintiff and a hearing examiner recommended his discharge from the service. On appeal to the Regional Commissioner, the finding was set aside as not being substantiated by the record and the plaintiff ordered to be reinstated. The Board of Appeals and Review sustained the reinstatement by the Regional Commissioner.

Plaintiff returned to his position as an investigator but was again served with a notice of adverse action on the same charge by the Regional Commissioner on February 21, 1961.

A hearing was held on March 17, 1961 at which time evidence in the nature of affidavits were admitted against the plaintiff which substantiated the charges. The affidavits were given by Mr. and Mrs. Edward Kelly to the Internal Revenue Service on September 17, 1960 and admitted that an immoral relationship had existed between the Kellys and the plaintiff. At this initial hearing, plain-

tiff was represented by counsel. The Regional Commissioner notified the plaintiff on March 28, 1961 that the charge against him was justified and sustained his removal from the Service.

Plaintiff thereafter was removed from the service on April 3, 1961 and he perfected his appeals through all the steps of his administrative remedies. Plaintiff's final appeal was denied by the Board of Appeals and Review on December 15, 1961. The plaintiff, on December 26, 1961, requested the Civil Service Commissioners to reconsider his appeal.

The plaintiff was a veterans preference eligible which, under the Veterans Preference Act, 5 U.S.C. § 863, required an established procedure to be followed to effectuate his discharge. The record of the administrative hearings and appeals, which was made a part of this record, clearly indicated that plaintiff was afforded all of his procedural rights and remedies and that he has exhausted them or waived them.

The plaintiff took no further action after his letter of December 26, 1961 requesting the Commissioners to reopen his case, until February 5, 1964 when he filed the present complaint. The Government filed its answer raising the defense of laches and cross motions for summary judgment are before the Court.

■ The defense of laches is applicable to this type of action where it appears that the orderly function of the government requires a prompt assertion of rights by an employee removed from government service and a prolonged space of time elapsed before judicial relief is requested. Concerning the appropriateness of the application of the rule of laches, the Supreme Court, in United States ex rel. Arant v. Lane, 249 U.S. 367, at page 372, 39 S.Ct. 293, at page 294, 63 L.Ed. 650 (1919), said:

"When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.

"Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years. Such a long delay must necessarily result in changes in the branch of the service to which he was attached and in such an accumulation of unearned salary that, when unexplained, the manifest inequity which would result from reinstating him, renders the application of the doctrine of laches to his case peculiarly approriate in the interests of justice and sound public policy." [1]

Plaintiff asserts in his brief that by his letter of December 26, 1961 he "appealed the decision of the Board of Appeals and Review to the United States Civil Service Commission." Plaintiff further asserts that this "appeal" was accepted by the Commission after a letter was written on behalf of the plaintiff by the Honorable James H. Morrison, Chairman of the House of Representatives Subcommittee on Civil Service of the Committee on Post Office and Civil Service.

■ The Chairman of the Commission, Mr. John W. Macy, replied to Congressman Morrison's letter and stated that consideration would be given to reopening the plaintiff's case. Since the Commission was requested to reopen the case, it was obviously closed as of the final appeal, December 15, 1961. Once

[1]. A case similar to the present action was decided in favor of the government on the ground of laches by Judge Grim of this Court in Coughlin v. Ryder, 227 F.Supp. 790, E.D. of Pa.1964.

the final administrative remedy has been exhausted, the time for judicial review has arrived. The possibility always exists that an administrative body by its own motion will reopen, reconsider and reverse a prior final adjudication. The mere writing of letters by the plaintiff, or by others on his behalf, is not such a pursuit of his rights which will avoid the consequences of a twenty-six month delay in asking for a judicial determination of those rights. See Jones v. Summerfield, 105 U.S.App.D.C. 140, 265 F.2d 124 (1959), cert. denied, 361 U.S. 841, 80 S.Ct. 93, 4 L.Ed.2d 80 (1959); Bailey v. United States, 171 F.Supp. 281, 144 Ct.Cl. 720 (1959).

The plaintiff argues that though laches might normally be a bar to this action, the government may not assert it since they occasioned, invited and participated in the delay, citing St. Louis Car Co. v. J. G. Brill Co., 25 F.Supp. 244 (E.D. of Pa.1937).

This was a patent case in which a total of 20 years had elapsed from the institution of the suit until trial. Judge Kirkpatrick found as a fact that since the defendants had the case continued for three successive years, and in various other ways added to the prolongation of the case, they were not in a position to raise the defense of laches. Judge Kirkpatrick further found that the delay in no way prejudiced the defendant. As shown by the policy considerations mentioned by the Supreme Court in United States ex rel. Arant v. Lane, supra, the present situation is completely different from that involved in Judge Kirkpatrick's Opinion.

Plaintiff in this case did not "appeal" the final order since an appeal is a right of a litigant to ask for redress from a higher authority, which right is provided for in the procedure of the tribunal involved. The Commission did not "accept" this "appeal" merely by replying to Congressman Morrison's letter. The diligent attack on an erroneous administrative judgment is recourse to the Courts. This the plaintiff failed to do until twenty-six months had elapsed. Under such circumstances, the defendant's motion for summary judgment must be granted.

It should be noted, however, that the main argument of the plaintiff is that the Kellys were such immoral people that no weight should have been given to their affidavits. If this were done, the record would then stand without substantial evidence to sustain the charge and plaintiff should be reinstated now as he had been the first time the charge was made in September, 1958. But the weight to be given any piece of evidence is for the administrative agency and, on review, this Court is restricted to a determination of whether or not the plaintiff was afforded his statutory and procedural rights and not to pass on the merits of his case. Ellis v. Mueller, 108 U.S.App.D.C. 174, 280 F.2d 722 (1960); Hofflund v. Seaton, 105 U.S.App.D.C. 171, 265 F.2d 363 (1959); Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29 (1957).

## ORDER

And now this 11th day of March, 1965, the defendant's motion for summary judgment is hereby granted and the plaintiff's motion for summary judgment is hereby denied.