**John McGUIRE, Plaintiff,**

v.

**CITY OF CHICAGO, an Illinois municipal corporation, and Lester Dickenson, Commissioner of the Department of Streets and Sanitation, Defendants.**

**No. 83 C 9251.**

United States District Court,
N.D. Illinois, E.D.

Sept. 7, 1984.

William J. Harte, William J. Harte, Ltd., Chicago, Ill., for plaintiff.

Jerold Solovy, Jeffrey D. Colman, Jonathan K. Baum, Jenner & Block, James D. Montgomery, Corp. Counsel, City of Chicago, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

In the case at bar, plaintiff John McGuire challenges his discharge from employment with the City of Chicago under the 1972 consent decree in *Shakman v. Democratic Organization of Cook County*, No. 69 C 2145, *reprinted in Shakman v. Democratic Organization of Cook County*, 481 F.Supp. 1315, 1356 app. (N.D.Ill.1979). Necessarily incident thereto, McGuire challenges the classification of his position as exempt from the constraints of the *Shakman* decree. *See Shakman v. Democratic Organization of Cook County*, 569 F.Supp. 177, 202 (N.D.Ill.1983).

Before the Court is the motion of the defendants for judgment on the pleadings or in the alternative, for summary judgment. For the reasons stated herein, the motion for summary judgment is granted.

From January 1, 1973 until September 22, 1983, McGuire served in the capacity of Deputy Commissioner of Streets and Sanitation. From January, 1982 until May or June of 1983, McGuire, by his own admission, had no responsibilities or duties charged to him. According to McGuire, this was because John Donovan, then the Commissioner of the Department of Streets and Sanitation, was an active supporter of Jane Byrne, who at the time was Mayor of the City of Chicago, while McGuire supported her political foe, State's Attorney Richard M. Daley, who himself was a mayoral candidate.

In mid-1983, following the election of Harold Washington as Mayor, Lester Dickenson was installed as Acting Commissioner of the Department. McGuire spoke with Dickenson about the former's situation and was informed that the new Commissioner would see what kinds of duties could be given McGuire. According to the deposi-

tion of McGuire, however, at no time did Dickenson assign McGuire any duties.

On September 29, 1983, McGuire was terminated from his position. According to Dickenson, and by McGuire's own admission, the termination was necessitated because there was no work for McGuire to do.

## DISCUSSION

 As this Court has noted, "It is well settled that an individual may be terminated from employment for a valid reason, even if an invalid reason exists ... so long as the invalid reason is not the motivating factor behind the discharge." *Gurgone v. City of Chicago*, 587 F.Supp. 1347, at 1353, *citing Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), and *Nekolny v. Painter*, 653 F.2d 1164 (7th Cir.1981). Thus, an individual whose position is admittedly unnecessary and extraneous may not challenge his termination in a *Shakman* suit. *Gurgone, supra*. However, if the placement of the individual in the expendable position was a politically motivated pretext for the firing of such individual, such placement or withdrawal of duties would be actionable. *Id.*

The Court must therefore consider the instant claim as arising not from plaintiff's ultimate termination but from his having all duties revoked from him. This occurred in January, 1982, some 21 months before the filing of the instant suit. In the interim, despite the fact that he was aware that the City could not impact an employee's status based on political considerations and that he could have consulted an attorney on the matter, save for the one conversation with Dickenson noted above, McGuire did little if anything to regain meaningful duties, apparently content to draw a salary of $47,472 per year in return for his performing no meaningful duties whatsoever.

 In light of the above factual situation, it is the opinion of this Court that the plaintiff's claim is barred by the doctrine of laches which, in the case of government employment, requires the prompt assertion of rights so that government service is disturbed as little as possible. *United States ex rel. Arant v. Lane*, 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650 (1919); *Bown v. United States*, 418 F.2d 442, 444 (5th Cir. 1970); *Gurgone, supra*. In this Circuit, plaintiff bears the burden of explaining his delay in bringing suit. *Lingenfelter v. Keystone Consolidated Industries, Inc.*, 691 F.2d 339, 340 (7th Cir.1982). In the case at bar, despite the fact that he allegedly knew why he had had his duties revoked and that he could seek recourse in this Court, plaintiff has wholly failed to explain why it took 21 months for him to pursue his rights. Such delay. is inexcusable.

## CONCLUSION

For the reasons stated herein, defendants' motion for summary · judgment is granted. The motion for judgment on the pleadings is denied.

IT IS SO ORDERED.