Note:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5157

WILLIAM AARON JACKSON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  September 9, 2005

_____

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and DYK, Circuit Judge.

RADER, Circuit Judge.

William Aaron Jackson appeals the August 31, 2004 order of the United States Court of Federal Claims (Court of Federal Claims) dismissing his complaint for lack of jurisdiction.  Because Mr. Jackson did not file his claim within the applicable statute of limitations, this court affirms.

BACKGROUND

Mr. Jackson served in the United States Army for approximately two years beginning in 1977, including six and one-half months on active duty.  Mr. Jackson alleges that while on active duty, $345.00 was withheld each month from his normal, E-1, pay of $500.00 per month.  According to Mr. Jackson, the withheld funds were meant

for: (1) the purchase of U.S. Savings Bonds; (2) deposit into checking and savings accounts; and (3) "insurance policies." Mr. Jackson further alleges that he never received pay for his last month in basic training. Mr. Jackson filed suit in the United States District Court for the Western District of Missouri, seeking damages in excess of $19 billion based on the Government's breach of "military contracts." Because Mr. Jackson's claims involve an alleged contract with a branch of the military, and seek damages exceeding $10,000, the district court transferred the action to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631. The Court of Federal Claims dismissed Mr. Jackson's complaint for lack of jurisdiction, citing the six-year statute of limitations set forth in 28 U.S.C. § 2501.

## DISCUSSION

This court has jurisdiction to hear Mr. Jackson's appeal under 28 U.S.C. §1295(a)(3). Because jurisdiction presents a question of law, this court reviews the Court of Federal Claims' decision to dismiss the suit as barred by the statute of limitations without deference. See Brown v. United States, 195 F.3d 1334, 1337 (Fed. Cir. 1999).

Claims against the United States in the Court of Federal Claims must be filed "within six years after such claim first accrues." 28 U.S.C. § 2501 (2000); see also 28 U.S.C. § 2501 (1976) (effective when Mr. Jackson's claims arose). The six-year limitations period "is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77

(Fed. Cir. 1988). Exceptions to the conditions under which the Government consents to be sued should not be implied. United States v. Mitchell, 445 U.S. 535, 538 (1980).

According to Mr. Jackson, the Court of Federal Claims erred when it found that all his claims arose, at the latest, upon leaving the military. Mr. Jackson argues that his claims did not arise until he first requested that the military return his money. To the contrary, "[a] claim first accrues for purposes of 28 U.S.C. § 2501 when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (quotation and citation omitted). As the Court of Federal Claims correctly observed, each of the particular withholdings at issue, if properly made, would not ordinarily give rise to a claim against the Government in the Court of Federal Claims if the ultimate benefit was not received. Thus, a dispute regarding funds deposited into a checking or savings account would be between Mr. Jackson and the institution where those funds were deposited. Likewise, the proceeds of an insurance policy would be a matter between Mr. Jackson and the Insurer. Finally, there is no claim that savings bonds were actually issued to Mr. Jackson, and that payment on those bonds was refused by the Government.

Thus, to the extent Mr. Jackson has any claim against the United States it is based on his complaint that the military did not direct his pay in the manner he requested at the time of his service. This characterization also applies to the month's pay Mr. Jackson asserts was never issued to him originally. Under those circumstances, the events necessary to fix the Government's liability arose at the time of his military service, and at the very latest, at the close of that service. Thus, the

Court of Federal Claims properly determined that Mr. Jackson's asserted claims arose, at the latest, when he ended his service in the military, some twenty-four years before his filed complaint.

Mr. Jackson makes three additional arguments that seem to be distinct from his claim accrual argument: (1) he tried "to take care of this business before his claims [were] barred"; (2) he was unaware of the statute of limitations until he brought this action; and (3) he was only seventeen when he originally entered into the alleged contracts.

First, the record suggests that Mr. Jackson initially attempted to resolve the issues raised in his complaint during 2002 and 2003, well beyond the time when his claim was barred by the statute of limitations. Even if Mr. Jackson had attempted to resolve his issues earlier, those attempts would not have tolled the statute of limitations. See Fattore v. United States, 312 F.2d 797 (Ct. Cl. 1963) ("[W]here a right of action has accrued, the statute of limitations is not tolled by attempts to obtain subsequent relief through the administrative process.").

Second, the fact that Mr. Jackson might have been unaware of his legal rights, and thus the limitation on when those rights could be asserted, does not help him here. "Ignorance of one's legal rights does not toll the statute of limitations." Catawba Indian Tribe of South Carolina v. United States, 982 F.2d 1564, 1570 (Fed. Cir. 1993) (quoting Dion v. United States, 137 Ct. Cl. 166 (1956)).

Finally, Mr. Jackson's age upon entering the military has no bearing on the statute of limitations issue. As the Court of Federal Claims correctly observed, Mr.

Jackson's claims arose, if at all, upon leaving the military, when he was older than eighteen.

CONCLUSION

Because the Court of Federal Claims correctly determined that Mr. Jackson's claims were barred by the statute of limitations, this court affirms the dismissal of Mr. Jackson's complaint for lack of jurisdiction.