REGAN, Judge.
Plaintiff, Roy J. Horrigan, a police officer possessing civil service status, was discharged from his position on July 11, 1957, by the Superintendent of the New Orleans Police Department because he had refused to cooperate with officers conducting an interdepartmental investigation; he then appealed[1] to the Civil Service Commission of the City of New Orleans endeavoring to obtain an order of reinstatement.
On December 12, 1957, the Commission dismissed the plaintiff’s appeal when he failed to appear before the board after having received notification in advance that his hearing was fixed for this day. The plaintiff’s hearing had been fixed on three previous dates and each time the matter was continued. In July 1958, the plaintiff petitioned the Commission to grant him another opportunity to present his case and the administrative board rejected his plea as is evidenced by a judgment dated October 9, 1958.
From this judgment, the plaintiff has appealed.[2]
The only question which this appeal has posed for our consideration is whether the plaintiff was afforded an ample opportunity to present his case before the Commission dismissed his appeal.
The pertinent facts are these:
On July 11, 1957, the plaintiff was discharged and through his attorney, Virgil M. Wheeler, Jr., he appealed to the Civil Service Commission.
A hearing in the matter was set for September 11, 1957; however, the Commission continued the matter because its docket was crowded that day.
A second hearing, set for September 19, 1957, was also continued, this time at the plaintiff’s attorney’s request because the plaintiff, who was then employed as a seaman, was absent from New Orleans.
On October 2, 1957, the plaintiff’s counsel withdrew from this case.
On October 10, 1957, the Commission informed the plaintiff by registered mail that his case would be heard on November 13, 1957. The plaintiff failed to appear before the board; therefore, the Commission set another date, December 12, 1957, for the hearing and again notified him thereof through the medium of a registered letter. His sister initially received the letter and the plaintiff asserted that he subsequently must have received it since his sister signed the receipt therefor.
During the months of November and December of 1957, the plaintiff was employed aboard a tugboat. Between the time of the November and December hearings, he was in New Orleans on at least two occasions; however, he again failed *118 to either communicate with the Commission or to appear at the December 12th hearing and the Commission therefore dismissed his appeal as abandoned.
In July 1958, the plaintiff requested that the Commission grant him an additional opportunity to present his case, but his petition was denied.
It is a well settled principle of constitutional law that a litigant is entitled to adequate notice of his hearing in order that he might prepare and present his case. The record hereof convinces us that he was given several opportunities to be heard and he cannot now successfully complain that he was not afforded due process of law because the Commission failed to afford him an additional opportunity to prosecute this appeal.
For the reasons assigned, the ruling of the Civil Service Commission of the City of New Orleans is affirmed.
Affirmed.

. The provision in the Louisiana Constitution vesting jurisdiction in the Civil Service Commission of the City of New Orleans to review this matter is LSA-La. Const, of 1921, as amended, Art. 14, Sec. 15(0) (1).

. A decision of the Civil Service Commission may be appealed on questions of law (LSA-La.Const. of 1921, as amended, Art. 14, Sec. 15(0) (1)) to the Court of Appeal. (See La.Const. Art. 7, See. 10, as amended, Nov. 1958 and Sec. 30, as amended, Nov. 1960, covering a transfer of jurisdiction from the Supreme Court of Louisiana to the Courts of Appeal.)