REGAN, Judge.
Plaintiff, Frank A. Marullo, a member of the New Orleans Police Department possessing civil service status, was suspended and subsequently discharged from his position as lieutenant, by the Superintendent for certain alleged acts of misconduct. He appealed to the Civil Service Commission of the City of New Orleans endeavoring to obtain reinstatement to his former position.
On May 14, 1964, the Commission dismissed the plaintiff’s appeal when he failed to appear in person pursuant to its order. His wife appeared in his behalf and requested a continuance predicated upon medical evidence which she offered relative to his inability to withstand interrogation. In contravention of this evidence, the Commission dismissed his appeal.
From this judgment, plaintiff has prosecuted an appeal to this court. The decisions of the Civil Service Commission may be appealed to this court only on questions of law.[1] Therefore, the only issue posed for our consideration is whether the plaintiff’s right to due process of law was violated by the Civil Service Commission’s dismissal of his appeal.
The record reveals that on November 19, 1963, plaintiff was suspended from the New Orleans Police Department for alleged acts-of misconduct. On February 3, 1964, he-was permanently dismissed therefrom. He-perfected timely appeals to the Civil Service Commission from both the suspension and the dismissal, and these appeals were consolidated for hearing.
On several occasions the Commission granted him continuances when his wife-appeared in his behalf and presented medical evidence of his ill health. On April 9, 1964,. the appointing authority filed with the Commission a motion requesting that the plaintiff appear and show cause why his appeal' should not be dismissed. This motion was-granted, and he was ordered to appear on April 16, 1964. On April 14, he informed the Commission by letter of his inability to-attend the April 16 hearing due to illness, and again substantiated his request for a continuance with medical evidence. On April 17, the Commission notified him that it had met the previous day and unconditionally ordered his hearing to be held on May 14. The Commission offered to adjourn to the-plaintiff’s home to take his testimony if his. illness prevented his appearance at the hearing.
On May 14, the Commission met and held its hearing on the motion to dismiss his appeals. Once again he was represented by his wife, who presented to the Commission a letter from his physician dated May 13, 1964, which revealed that the plaintiff was still unable to testify in his own behalf. Despite this revelant evidence, the Commission dismissed the appeals.
An analysis of the administrative record reveals that the Commission possessed un-contradicted evidence to the effect that the plaintiff was not only unable to appear but also was incapable of testifying in his own behalf. Through the medium of a letter emanating from Dr. Anthony M. Scardino, *695 dated May 13, 1964, the Commission was informed as follows:
“To whom it may concern:
“This is to certify that Mr. Frank A. Marullo is presently under my care for the treatment of Arteriosclerotic Heart Disease with Anginal Syndrome. For medical reasons, it is advised that he not be made to testify in his behalf at the present time.
“My records, both office and hospital, are at your disposal and will be released to you, if you so desire, and if sanctioned by Mr. Marullo.
“Yours truly,
“/s/ A. M. Scardino, M. D.”
A letter containing substantially the same information, dated February 12, 1964, had previously been furnished the Commission. Dr. Charles R. Robinson examined the plaintiff at the request of the Commission, and advised it in a letter dated February 18, 1964, that he should not testify without the benefit of six to eight weeks more rest and medical care. At such time, he believed that the plaintiff would be capable of testifying, unless clinical and laboratory findings indicated to the contrary. Moreover, in a report by Dr. D. S. Condie, dated February 25, 1964, the appointing authority was advised that the police physician had examined the plaintiff and could not recommend that he be subjected to interrogation until subsequent re-evaluation indicated a change in his condition.
In view of the medical evidence possessed by the Commission, it could not have reasonably concluded that the plaintiff’s condition would permit him to testify and undergo interrogation. Consequently, we are of the opinion that the Commission abused its discretion in refusing to grant him a continuance and in dismissing his appeals. The offer of the Commission to adjourn to the plaintiff’s residence to accept his testimony was little more than an empty gesture in view of the uncontradicted medical evidence which was proof of his inability to subject himself to interrogation on May 14, 1964.
Counsel for the defendant argues that the rationale of Horrigan v. New Orleans Police Department[2] is authority for the dismissal of the plaintiff’s appeals. In the Horrigan case we reasoned that the plaintiff had not been denied due process of law when, after ignoring several opportunities to be heard, he was refused an additional opportunity to present his case to the Commission. The rationale emanating from the Horrigan case is not persuasive herein, because it was quite clear therein that the plaintiff was not physically incapacitated from testifying. He, in effect, simply ignored the hearings which had been offered by the Commission.
For the foregoing reasons, the ruling of the Civil Service Commission of the City of New Orleans is reversed, and this case is hereby remanded to that agency for further proceedings in conformity with the existing law.
Reversed and remanded.

. Louisiana Constitution of 1921, Art. 14, Sec. 15(0) (1),L.S.A.

. La.App., 134 So.2d 116.