McBRIDE, Judge.
Frank A. Marullo, a police lieutenant with civil service status, was suspended and subsequently discharged by the Superintendent of New Orleans Police for certain alleged acts of serious misconduct. He appealed from the order of suspension to the Civil Service Commission of the City of New Orleans on December 12, 1963, and on February 14, 1964, appealed from the order of discharge in an effort to have himself reinstated to his former position of lieutenant. Both appeals were consolidated by the Commission.
On several occasions the Commission set the appeals down for hearing, but due to the poor health and physical condition of Marullo, they were not heard. Ultimately the Commission dismissed the appeals. Marullo, under Const. 1921, art. 14, sec. XV (O) (1), then appealed to this court from the order of dismissal. We held in Marullo v. New Orleans Police Department, La.App., 169 So.2d 693, that in view of the medical evidence presented to the Commission, it could not have reasonably concluded that Marullo’s condition would permit him to testify and undergo interrogation. It was our opinion that the Commission abused its discretion in refusing to grant a further continuance and in dismissing the appeals.
Upon remand of the appeals to be proceeded with in conformity with law, the Commission set them for hearing several times and on each occasion granted a continuance because of Marullo’s physical inability to appear and testify.
Finally counsel for the City of New Orleans, the appointing authority, filed a motion to dismiss the appeals. A hearing on the appeals was reset for July 8, 1965, at which time Marullo applied for another continuance which was denied; thereupon the Commission entered its order dismissing the appeals. Again Marullo took an appeal from the order of dismissal to this court. That appeal is now before us for consideration.
Marullo, seriously ill, suffers from a heart condition, and the medical testimony is ■ clear and unequivocal to the effect that the rigors of interrogation and the attendant excitement could precipitate death. His physician in a last report to the Commission stated this:
“As in my prior letters, I do not feel that his condition has improved and again' strongly recommend that he not subject himself to the stress of interrogation.”
The physician would make no prognosis. Nor could he say what would be the probable span of Marullo’s life if there be no recovery.
*433 Martillo is charged with serious acts of misconduct, and these led to his suspension and later to his expulsion from the police force. This court was sympathetic with his plight and desired that he have every opportunity to vindicate himself — hence, in the former appeal (169 So.2d 693) our reversal of the order which dismissed the appeals and the remand of the matter to the Civil Service Commission for further proceedings.
By the same token, some consideration should now be shown by the court to the City of New Orleans. The burden of proof in appeals to the Civil Service Commission as to the facts shall be on the employee. Const.1921, art. 14, sec. XV, (N) (1).
The Civil Service Commission has a broad power to make rules, which have the effect of law, in order to regulate the operation of the civil service system. Const.1921, art. 14, sec. XV, (I) (8). Rule II of the Department of Civil Service, City of New Orleans, provides in part:
“4.4 The Commission shall initiate a hearing of the appeal within forty-five (45) days after receipt of the request, and shall have the right to continue the hearing from time to time for good cause.
“4.5 Appeals ' to the Commission shall be decided promptly but in any event within ninety (90) days after completion of a hearing.”
It is obvious that the above quoted provisions of Rule II were adopted to the end that the status of civil service employees on their appeals from removal from the classified service could be expeditiously adjudicated so as to cause as little disruption of the orderly processes of government as is possible. Then again on appeals to the Civil Service Commission, a trial de novo is held whereat witnesses appear and their testimony taken. It is self-evident that if an appeal is not promptly dispatched but is allowed to pend for an unreasonable length of time, witnesses might die or move to other parts, thus frustrating a thorough and complete hearing of the appeal. Injustice might result. Furthermore, if it should be that an appellant should demonstrate to the Civil Service Commission that the charges against him are unfounded and his suspension or expulsion unwarranted, perhaps there would be the question of an award to the aggrieved employee to the full amount of his back pay from the moment of his severance from the classified service. The courts have generally and uniformly held that irrespective of the cause for a public employee’s separation from service, public policy dictates that he must proceed expeditiously to assert his legal rights in order that the public fisc, the public convenience, and the ordinary functions of government might not suffer or be disturbed through his procrastination. State ex rel. Schwehm v. Morrison, La.App., 78 So.2d 192, and the many authorities cited therein, including United States ex rel. Arant v. Lane, 249 U.S. 367, 39 S.Ct. 293, 294, 63 L.Ed. 650, wherein it was said:
“When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his 'rights, to the end that if his contention be justified the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.”
Marullo’s appeals have been before the Civil Service Commission for two years without any disposition on the merits thereof. Due to the uncertain duration of his illness, it may be that if we were to order the reinstatement of the appeals, they might remain in suspense and untried .for many, many years, In light of the circumstances present in the case, we cannot say that *434 Marullo has been deprived of due process ■of law or that there was an abuse of discretion by the Commission by refusing a further continuance. While we do not feel disposed to interfere with the order of dismissal appealed from, it is with reluctance we hand down the following decree:
The order of the Civil Service Commission appealed from is affirmed.
Affirmed.