**In Re Emily B. COFFEY.**

**Appeal of Walter C. BOYD and Pauline C. Boyd.**

**No. 12435.**

District of Columbia Court of Appeals.

Argued March 9, 1978.

Decided Aug. 1, 1978.

Samuel J. Lowe, Washington, D. C., for appellants.

Ellen B. Lundblad, Washington, D. C., with whom Gilbert B. Lessenco, Washington, D. C., was on the brief, for appellee.

Before NEBEKER, YEAGLEY and MACK, Associate Judges.

YEAGLEY, Associate Judge:

This appeal arises from the dismissal of the claims of appellants Walter C. Boyd and Pauline C. Boyd to certain assets held by the administrator of the estate of Emily B. Coffey. We reverse and remand for further proceedings.

The record indicates that sometime about 1930, the decedent Emily B. Coffey and her sister Estelle moved from Beaufort County, North Carolina, to Washington, D.C. Several years later, Estelle married Dr. Blake B. Young. Another sister, appellant Pauline C. Boyd, remained in Beaufort County where she married and gave birth to two sons, Thomas C. Boyd and appellant Walter C. Boyd. Testimony indicated that from time to time the appellants had sent money to the decedent and her sister Estelle for safekeeping, in their behalf, and that the decedent had deposited the money in two joint savings accounts.

In 1968, the decedent was declared incompetent and Dr. Blake B. Young was appointed conservator [1] of her estate by the United States District Court for the District of Columbia. Among the assets included in her estate were the two savings accounts. The first was held jointly by the decedent and appellant Pauline C. Boyd. The second account was held jointly by the decedent and appellant Walter C. Boyd. During the period of Young's conservatorship, he withdrew $2,397.39 from the two accounts, with no apparent valid authority.

1. See D.C. Code 1973, § 21–1501.

As a consequence, the District Court removed conservator Young for cause and appointed Thomas C. Boyd to succeed him. Shortly thereafter, conservator Boyd brought suit to recover the money which Young had taken from the joint accounts. He obtained a judgment of $2,397.39 against Young and his surety, the Hartford Accident and Indemnity Company. However, during Boyd's tenure as conservator, he failed to collect the judgment.

On May 4, 1975, the ward Emily B. Coffey died and on October 17, 1975, Thomas Boyd was removed as conservator for failure to file a final accounting. The Superior Court referred the case to the Auditor-Master of the court "to state the final account of Thomas C. Boyd." The Auditor-Master found that the assets of the estate included among other things assets held jointly by: (1) the decedent and appellant Walter C. Boyd in the amount of $1,306.73, and (2) the decedent and appellant Pauline C. Boyd in the amount of $5,474.78. The Auditor-Master's report further indicated that the entire amount of the assets jointly owned by the decedent and Walter C. Boyd ($1,306.73) and $1,090.66 of the assets jointly owned by the decedent and Pauline C. Boyd were in the form of the $2,397.39 judgment against conservator Young and his surety.

On April 1, 1976, Gilbert B. Lessenco was appointed administrator of the estate of Emily B. Coffey in accord with the petition of the District of Columbia government as the estate's principal creditor. In May of 1976, he collected the February 1972 judgment from the Hartford Accident and Indemnity Company.

On February 11, 1977, the appellants filed claims with the estate's administrator. Following the administrator's denial of these claims, appellants moved the Superior Court for an order directing payment. At the hearing on the appellants' motion, they proffered testimony showing that the money which had been taken from the joint accounts was the money that had been sent by them to the decedent for safekeeping. The court accepted this testimony but dismissed appellants' claims on the grounds that the granting of the claims would require modification of the February 3, 1972 judgment, which the court was not inclined to disturb. The court apparently assumed that the 1972 judgment had somehow divested the appellants of their interests in the joint accounts.

I

Appellants claim that the trial court's ruling was erroneous. We agree.

 It is well established that the rights of one not a party to an action are not affected by the judgment rendered therein, despite any interest the person may have in the subject matter litigated. *Schrier v. Home Indemnity Co.,* D.C.App., 273 A.2d 248 (1971); *National Acceptance Co. of America v. Wallace,* 194 So.2d 194, 202 (La.App. 1967). As between a third person and one of the parties to an earlier action, their rights are to be determined as though the earlier judgment had never been rendered. *Pennsylvania Insurance Co. v. Miami National Bank,* 241 So.2d 861, 864 (Fla. App. 1970).

The record indicates that appellants were not parties to the 1972 proceeding. That suit to recover the monies wrongfully taken from the joint accounts was brought by the second conservator, as the representative of the decedent, who had held the funds for appellants. *See* D.C. Code 1973, § 21–1503 and Fed.R.Civ.P. 17(a). Hence, the judgment rendered in that proceeding could not have divested appellants of their interests in the misappropriated funds. A contrary holding would deprive appellants of their property without due process of law. *Anderson v. Manibusan,* 442 F.2d 348 (9th Cir. 1971). We conclude that the court erred in denying appellants' claims against the estate on the grounds stated. In so ruling, we hold only that the 1972 judgment did not divest appellants of their respective interests in the joint accounts. The extent of those interests, if in dispute, must be determined on remand. *See* 10 Am.Jur.2d *Banks* § 377 (1963).

## II

 Appellee claims that due to the five-year delay between the entry of the 1972 judgment and the filing of appellants' claim, relief was precluded under the doctrine of laches. In order for laches to be a valid defense, the defendant must show undue and unexcused delay causing prejudice to the defendant. *Powell v. Zuckert*, 125 U.S.App.D.C. 55, 57, 366 F.2d 634, 636 (1966); *Kosty v. Lewis*, 115 U.S.App.D.C. 343, 349 n. 8, 319 F.2d 744, 750 n. 8 (1963), *cert. denied*, 375 U.S. 964, 84 S.Ct. 482, 11 L.Ed.2d 414 (1964); *Duncan v. Summerfield*, 102 U.S.App.D.C. 185, 251 F.2d 896 (1957). Here the trial court did not make findings as to the reasonableness of the five-year delay by appellants in asserting their claims, or the amount of prejudice to the estate caused by the delay. In view of our holding above that appellants were not divested of their interests and the joint account, the laches issue must now be resolved by the trial court.

Accordingly, the judgment below is reversed and the case is remanded for such further proceedings as deemed necessary, consistent with this opinion.

*So ordered.*