Edward N. GELLMAN, d/b/a the
Gellman Companies, Plaintiff,

v.

David L. PAUL, Paul Properties, Inc. and
Paulter Corp., Defendants.

No. 79 Civ. 3153 (LFM).

United States District Court,
S. D. New York.

Feb. 11, 1980.

Kramer, Lowenstein, Nessen, Kamin &
Soll, New York City, for defendants David
L. Paul and Paul Properties by Ellen R.
Nadler and Robert A. Mass, New York City.

Hockert & Flamm, New York City, for
plaintiff by Leonard N. Flamm, New York
City.

## OPINION

MacMAHON, District Judge.

Defendants, David L. Paul and Paul
Properties,[1] move to dismiss the complaint
pursuant to Fed.R.Civ.P. 12(b)(7), or, in the
alternative, for judgment on the pleadings,
Fed.R.Civ.P. 12(c), for failure to join an
indispensable party defendant whose join-
der would deprive this court of subject mat-
ter jurisdiction, Fed.R.Civ.P. 19.

Mr. Paul is chief executive officer and
principal stockholder in Charter Construc-
tion Company ("Charter"), a Maine corpora-
tion whose principal place of business is in
West Palm Beach, Florida. In December

---

1. Incorrectly named herein as "Paul Properties, Inc."

1976, Charter entered into an agreement (the "Somerset Agreement") with Wells Fargo Realty Advisors to complete construction and sale of the Somerset Project, a residential condominium development in Lauderdale Lakes, Florida. The project was owned by a group of banks which had foreclosed on the mortgage after the original developer encountered financial difficulties. On December 20, 1976, Charter assigned its rights and obligations under the Somerset Agreement to Paulter Corporation ("Paulter"), a Florida corporation of which Mr. Paul is also chief executive officer and principal stockholder.

The complaint alleges that in January 1977, Paul approached plaintiff, Edward N. Gellman, a Florida citizen, with the proposition that "plaintiff collaborate with *defendants* on a joint venture and partnership basis, to be responsible for the actual workout, the sale and marketing of units and in the completion of the project." (Emphasis added.) The first two claims assert that defendants are contractually indebted to plaintiff for shares of the total income received by defendants from work on the Somerset Project. The third claim seeks to recover the fair market value of plaintiff's services rendered in connection with the project. It should be noted that Paulter is the sole entity entitled to receive any payment for services rendered pursuant to the Somerset Agreement.

Paulter was originally named as a defendant in the belief that it was a New York corporation. After attempting service of a summons and complaint, plaintiff discovered that Paulter was in fact a Florida corporation whose joinder would deprive this court of subject matter jurisdiction under 28 U.S.C. § 1332(a) because it has the same citizenship as plaintiff.

Under Fed.R.Civ.P. 19(a), a nonparty is considered necessary and must be joined in the suit whenever feasible if

". . . (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

■ It is clear that Paulter's absence from this suit may harm its ability to protect its contractual interests in the transactions described above. Any disposition of plaintiff's claims against the two defendants already joined will necessarily involve an interpretation of two contracts to which Paulter is a party; the Somerset Agreement and the joint venture alleged in the complaint. Although our interpretation would not be binding as *res judicata* upon Paulter, the potential prejudice to its interests is plainly great enough to require joinder if feasible under Rule 19(a).[2]

■ Plaintiff contends that Paulter's interests will be adequately protected by defendant Paul, its chief executive officer and principal owner. This argument, however, cannot overcome the well-established principle of law in New York that a corporation's legal rights are entirely distinct from those of its shareholders, absent an allegation of fraud allowing the court to pierce the corporate veil.[3] Plaintiff here has alleged no such fraud.

Plaintiff also claims that Paulter is a mere corporate shell with no assets, income or other evidence of ongoing business existence and, as such, has no interests which could be protected by its joinder. The corporation, however, is surely an indispensable party to such a determination, and we therefore decline to address the question in its absence.

Our decision that Paulter is a necessary party to this action does not necessarily mean that plaintiff has no valid claim against defendants Paul or Paul Properties;

---

**2.** See Provident Tradesman Bank & Trust Co. v. Patterson, 390 U.S. 102, 110, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968); International Society for Krishna Consciousness, Inc. v. New York Port Authority, 425 F.Supp. 681 (S.D.N.Y. 1977).

**3.** Boise Cascade Corp. v. Wheeler, 419 F.Supp. 98, 101 (S.D.N.Y.1976); Torrey Delivery, Inc. v. Chautauqua Truck Sales & Serv., Inc., 47 A.D.2d 279, 282, 366 N.Y.S.2d 506, 510 (4th Dep't 1975); Brock v. Poor, 216 N.Y. 387, 401, 111 N.E. 229 (1915).

it does mean, however, that Paulter's legal interests here are so tightly woven with those of the existing defendants that a decision in its absence would be materially prejudicial to its legal rights.

■ Since Paulter is a necessary party which cannot be joined without destroying the subject matter jurisdiction of this court, we go on to consider whether "in equity and good conscience the action should proceed among the parties before [the court] or should be dismissed, the absent person being thus regarded as indispensable." Fed. R.Civ.P. 19(b). In making this decision, the court is to consider the following factors:

"[F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

The first factor to be considered is possible prejudice to the party not joined or to those already present in the case. We have already noted that Paulter may be prejudiced if this case were to proceed in its absence. Defendants Paul and Paul Properties could, for example, defend themselves on the ground that Paulter, instead of themselves, is liable to plaintiff. The end result could be a second duplicative trial on the merits against Paulter in Florida state court in which Paulter could be collaterally estopped from protesting the decision as to its liability.

Our second consideration is the extent to which prejudice may be avoided by protective provisions in the judgment. We could, of course, eliminate any prejudice to Paulter by conditioning any judgment to be rendered in this suit on plaintiff's consent not to bring any subsequent suit against Paulter based on the same causes of action. Such a course, however, might unnecessarily prejudice the rights of defendants already present, since the risk of their being held liable may increase in the absence of a necessary party defendant. It would also contravene an established judicial preference to decide suits by whole rather than by half, as expressed by the third factor to be considered under Rule 19(b).[4]

The final consideration under Rule 19(b) is whether plaintiff will have an adequate remedy if the suit is dismissed. Plaintiff here rightly notes that an attempt to join all named defendants in a New York State court would probably fail for lack of jurisdiction over Paulter, which on the record before us has no significant contacts with this state. Moreover, since Paulter is not before this court, we are not able to condition a dismissal here on its consent to suit in New York.

It appears likely, however, that plaintiff could join suit against all named defendants in a Florida state court. In arguing that this would leave him without an adequate remedy, plaintiff raises the possibility that Paul will be found not subject to the personal jurisdiction of Florida courts. While the extent of Florida's long-arm jurisdiction has not been briefed to the court on the instant motion, we note that personal jurisdiction may in any event be obtained by consent of the defendant.

Accordingly, in the interest of providing a single forum for resolution of all disputes arising out of the same series of events, we find Paulter to be an indispensable party and grant defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(7) and 19 on condition that both defendants herein file with the court, within ten (10) days of the date of this decision, their signed consent to suit in Florida state court on the same causes of action alleged in the complaint herein.

So ordered.

---

4. *See Provident Tradesman Bank & Trust Co. v. Patterson, supra,* 390 U.S. at 111, 88 S.Ct. at 738.