**DISTRICT CABLEVISION LIMITED PARTNERSHIP, Appellant,**

v.

**McLEAN GARDENS CONDOMINIUM UNIT OWNERS' ASSOCIATION, Appellee.**

No. 91–CV–1346.

District of Columbia Court of Appeals.

Argued Dec. 18, 1992.

Decided Jan. 29, 1993.

James R. Weiss, with whom Denise M. Benjamin, and James E. Meyers, were on the brief, for appellant.

William John Hickey, was on the brief, for appellee.

Before SCHWELB, KING and SULLIVAN, Associate Judges.

KING, Associate Judge:

This appeal arises from a District of Columbia Superior Court order dismissing an action in which appellant sought declaratory and injunctive relief from appellee. Appellant contends that the trial court abused its discretion by requiring appellant to join a third party, under Super.Ct.Civ.R. 19, in order for appellant to proceed with its action. We affirm.

The appellant, District Cablevision Limited Partnership ("DCLP"), is the exclusive franchisee of cablevision services in the District of Columbia. The franchise was granted in 1983 by the Cable Television Communications Act of 1981 ("Cable Act"), D.C.Code §§ 43–1801 to 1849 (1990 Repl.). Section 43–1844.1, which was enacted as an amendment to the Cable Act in 1983, prohibits landlords from interfering with the installation of cable facilities on their premises.

Appellee, McLean Gardens Condominium Unit Owners' Association ("McLean Gardens"), refused to allow DCLP access to its premises to wire the units for cablevision, on the grounds that such access would violate McLean Gardens' contract with American Satellite Communications, Inc.

("AMSAT"). That contract[1], entered into in January 1981, granted AMSAT the exclusive right to provide cablevision services to McLean Gardens. Although the original agreement was scheduled to end on January 5, 1989, AMSAT and McLean Gardens agreed, on October 15, 1986, to extend the exclusive contract to January 5, 1997.

The District of Columbia Office of Cable Television granted DCLP's application to install cable television facilities at McLean Gardens on November 28, 1989, but McLean Gardens continued to refuse access to the premises to DCLP. On May 22, 1991, DCLP filed this action against McLean Gardens for declaratory and injunctive relief. On July 11, 1991, McLean Gardens moved to dismiss for failure to join an indispensable party—AMSAT. The trial court granted the motion and issued an order dismissing the action unless DCLP joined AMSAT as a party to the litigation by November 15, 1991. The order provided that if, as a result of the litigation, McLean Gardens was determined to be a "landlord" under § 43–1844.1, McLean Gardens would be

> in the position of violating either this section [43–1844.1] or its exclusive contract with AMSAT. Therefore, it appears that AMSAT has a direct interest in the outcome of this case, and should be a party. Plaintiff's contention that it only seeks access, and that any breach of contract issues could be addressed in another case is not persuasive. Defendant and AMSAT cannot realize the purpose of their contract if plaintiff's suit is successful.

DCLP's timely appeal of that order followed.

Super.Ct.Civ.R. 19(a) provides, *inter alia,* that

> A person ... shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the

subject of the action and is so situated that disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The trial judge did not explicitly state which subdivision of Rule 19 formed the basis for his finding that joinder was required. It is clear, however, that, in expressing his concern that McLean Gardens would be placed in the position of either violating its contract with AMSAT or violating the Cable Act, the trial judge recognized that McLean Gardens could be subject to inconsistent obligations under Rule 19(a)(2)(ii).

■ The parties are in agreement that review of a trial court's determination that a non-party should be joined under Rule 19(a) is for abuse of discretion. *See Raskauskas v. Temple Realty Company,* 589 A.2d 17, 20–21 (D.C.1991); *Defenders of Wildlife v. Andrus,* 77 F.R.D. 448, 451 (D.D.C.1978).[2] We may reverse the trial court only if we find that its exercise of discretion was clearly against reason and the evidence. *Johnson v. United States,* 398 A.2d 354, 363 (D.C.1977). Since we conclude that there is ample support for the trial court's decision to require joinder, we affirm.

Pursuant to Rule 19(a)(2)(ii), for the trial judge to require joinder of AMSAT, there must be a showing that: (1) AMSAT claims an interest relating to the subject of the action, and (2) without AMSAT as a party, such interest might leave McLean Gardens subject to a substantial risk of incurring multiple or inconsistent obligations. First, there is a considerable basis to permit the trial court to conclude that AMSAT has an interest in the subject of this action. AMSAT's contract with McLean Gardens

---

**1.** The original contract was between AMSAT's predecessor in interest, Skyvision Corporation, and McLean Gardens.

**2.** Because Super.Ct.Civ.R. 19 is identical to Fed. R.Civ.P. 19, we look to authorities interpreting the federal rule. *Raskauskas v. Temple Realty Company, supra,* 589 A.2d at 20 n. 2 (citation omitted).

grants it the exclusive right to provide cable services to the units in McLean Gardens. In the action between DCLP and McLean Gardens, DCLP, pursuant to D.C.Code § 43–1844.1, seeks access to those units in order to provide services to the owners therein. If DCLP is successful, it will be entitled to service units which AMSAT, in accordance with its contract with McLean Gardens, had been given the exclusive right to service. This potential interference with its contractual rights is sufficient to establish AMSAT's interest in the subject of the litigation.[3] *See Gellman v. Paul,* 85 F.R.D. 357, 358 (S.D.N.Y.1980) (joinder required where disposition of the plaintiff's claims would involve interpretation of contracts between parties in the suit and a non-party whose joinder was sought); *Occidental Petroleum Corporation v. Buttes Gas & Oil Company,* 331 F.Supp. 92, 105 (C.D.Cal.1971) (where absent person had a contract with defendant which stood to be abridged by the injunction sought by plaintiff, absentee had the necessary "interest relating to the subject of the action" as required under Rule 19(a)), *aff'd.* 461 F.2d 1261 (9th Cir.1972), *cert. denied,* 409 U.S. 950, 93 S.Ct. 272, 34 L.Ed.2d 221 (1972).

In its reply brief and again during oral argument, appellant relied heavily upon *Media General Cable v. Sequoyah Condominium Council,* 721 F.Supp. 775 (E.D.Va.1989), a case not previously cited in either the trial court or this court. *Media General,* unlike the present case, dealt with a non-party's attempt to intervene as of right, under Fed.R.Civ.P. 24(a). The non-party in that case was also AMSAT, and the facts were similar to those presented here: plaintiff (a cable company authorized by law to install its services) sought a declaratory judgment from defendant (a condominium association) under the Cable Communications Policy Act of 1984, 47 U.S.C. § 541(a), after defendant refused plaintiff access to its premises based on an exclusive contract for cable services defen-

dant had with AMSAT. The trial court found that AMSAT's interest in the subject matter of the litigation was "limited to potential, indeed speculative, competitive injury," and declined to permit AMSAT to intervene. *Media General, supra,* 721 F.Supp. at 779.

We reject appellant's reliance on *Media General* for two reasons. The first, and most important, distinction is that *Media General* dealt with the rights and interests of a potential intervenor under Fed. R.Civ.P. 24(a)—one seeking access to participate as a party in the litigation—while the instant case is concerned with the interests of the defendant to the suit, McLean Gardens, in avoiding inconsistent obligations. To that end, appellant relies on *Media General* as authority for its contention that joinder was not required pursuant to Rule 19(a)(2)(i), the section dealing with the absent party's ability to protect its interest in the subject of the litigation. The trial court's ruling in this case, however, did not rely upon that portion of the rule. Instead, the trial court ruled that joinder was proper, based on a finding that McLean Gardens may be subject to multiple obligations under Rule 19(a)(2)(ii). Second, while taking no position on the correctness of the District Court's ruling in *Media General* that AMSAT did not have the requisite interest for intervention as of right, we are satisfied that, in this case, the potential interference with AMSAT's contractual rights constitutes a sufficient interest in the litigation to support the trial judge's determination that AMSAT must be joined under Rule 19(a)(2)(ii) in order to protect the interests of McLean Gardens.

We are also satisfied that there is a substantial basis for the trial court's determination that McLean Gardens could be subject to inconsistent obligations if AMSAT is not made a party to the action. If, in this action, it is found that the Cable Act applies and that McLean Gardens is a "landlord" as described therein, McLean

---

**3.** The parties have advised that AMSAT has filed an action in the United States District Court against DCLP seeking injunctive relief, damages, and a declaratory judgment that the Cable Tele-

vision Communications Act of 1981 violates the Constitution. *See American Cablecom Limited Partnership v. District Cablevision Limited Partnership,* 91–2887 (D.D.C. Nov. 8, 1991).

Gardens might be in violation of D.C.Code § 43–1844.1 by denying DCLP access to its units. Accordingly, McLean Gardens could be required to permit DCLP to enter its premises and provide cable services to the unit owners who request service. Permitting DCLP to enter its premises in order to provide cable services could constitute a violation of the exclusivity provision of the contract between AMSAT and McLean Gardens. Such a violation may amount to a breach of contract which could be the basis of a civil action by AMSAT against McLean Gardens.

■ In any separate action between AMSAT and McLean Gardens, the court hearing that case would not be bound by any decision in this case holding McLean Gardens in violation of the Cable Act since AMSAT, unless joined, is not a party to this action. It is settled law in this jurisdiction that the rights of one who was not a party to an action will not be affected by the judgment rendered therein, even though that person might have an interest in the subject matter litigated. *In re Coffey*, 390 A.2d 446, 448 (D.C.1978) (citations omitted). Moreover, "[a]s between a third person and one of the parties to an earlier action, their rights are to be determined as though the earlier judgment had never been rendered." *Id.* (citation omitted). *See also Jackson v. United States*, 412 A.2d 948, 952 (D.C.1980) (issue preclusion may not be asserted against one who was not a party in the first case); *United States v. Lima*, 424 A.2d 113, 116 (D.C.1980) (en banc) (where defendant in a criminal suit previously won an award in a civil action in which the government was not a party, the decision of the civil proceeding was not binding on the government since it was not a party, nor a privy, and therefore did not have the opportunity to be heard); *Weisberg v. United States Department of Justice*, 203 U.S.App.D.C. 242, 247, 631 F.2d 824, 829 (1980) (non-parties generally will only be bound where they have been fairly represented by one of the parties in the

earlier litigation).[4] Accordingly, there is a substantial risk that McLean Gardens could be subject to two separate and competing judgments. *See* 3A MOORE'S FEDERAL PRACTICE, ¶ 19.07–1[2.–2] (2d ed. 1992) at 19–122–23.

DCLP also complains that if it is required to join AMSAT as a party, then the nature of this action will be unduly expanded to include resolution of possible damage claims between AMSAT and McLean Gardens. It is not at all clear that such would be the case, but in any event the trial court possesses broad discretion to limit issues and the scope of the inquiry after joinder. *See Caplen v. Sturge*, 35 F.R.D. 176, 177 (E.D.Pa.1964) (joinder of party will not be denied on basis that joinder will complicate issues; the trial judge may order a severance of the trials or use a special verdict, or employ pretrial procedure to simplify the issues at trial); WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 2389, pp. 289–90 (1971) (under Rule 42,[5] trial court has discretion to order a separate trial of independent issues raised by a counterclaim, a third-party claim, or a cross-claim); *United States v. American Telephone & Telegraph*, 83 F.R.D. 323, 335 (D.D.C.1979) (the trial court has considerable discretion to order separate trials in order to further convenience, avoid delay and prejudice, serve the ends of justice, reduce the expenses of the parties and save the time of the court) (citation omitted).

■ In sum, in any separate litigation between AMSAT and McLean Gardens, the court hearing the case would not be bound by rulings in this litigation between McLean Gardens and DCLP. Thus, McLean Gardens could be subject to inconsistent liabilities. For example, one possible outcome of this suit might be a requirement that McLean Gardens breach its contract with AMSAT by obligating it to grant access to its premises to DCLP to provide cable services to its units. Similarly, separate litigation between AMSAT and Mc-

4. In its brief, appellant concedes that a declaratory judgment in the present action "is not *res judicata* as to AMSAT, a non-party to the action."

5. Fed.R.Civ.P. 42. Super.Ct.Civ.R. 42 is virtually identical to the federal counterpart.

Lean Gardens might result in a finding that McLean Gardens has breached its contract with AMSAT, resulting in a requirement that McLean Gardens either abide by the terms of the contract or pay damages for such breach, or both. Such conflicting results can be avoided by requiring DCLP to join AMSAT in this action. Therefore, since there was a basis for the trial court's conclusion that AMSAT has an interest in the subject of litigation between DCLP and McLean Gardens, and since McLean Gardens might be subject to inconsistent obligations as a result of subsequent litigation, we conclude that the trial court did not abuse its discretion by requiring DCLP to join AMSAT before proceeding with its litigation in this case. *See Raskauskas v. Temple Realty Company, supra,* 589 A.2d at 21.

*Affirmed.*