# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDREW M. KOLENC,
                Appellant,

       v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,
                Agency.

DOCKET NUMBER
DE-0752-14-0488-I-1

DATE: February 24, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas F. Muther, Jr., Esquire, Denver, Colorado, for the appellant.

Megan M. Bauer, Esquire, and Nigel Gant, Esquire, Dallas, Texas, for the
    agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only when:

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      Previously, the agency removed the appellant from his Consumer Safety Officer (CSO) position with the Food and Drug Administration (FDA) based on four charges:  (1) willful misuse of a Government-owned vehicle; (2) misuse of a Government gas card; (3) failure to provide accurate time and attendance information; and (4) failure to follow instructions.  *See Kolenc v. Department of Health and Human Services*, 120 M.S.P.R. 101, ¶ 2 (2013).  The administrative judge reversed the agency action, finding that the agency violated the appellant's due process rights when the deciding official considered ex parte information that constituted new and material evidence.  *Kolenc v. Department of Health and Human Services*, MSPB Docket No. DE-0752-12-0092-I-1, Initial Decision (July 13, 2012).  The Board denied the agency's petition for review and affirmed the initial decision in a September 11, 2013 Opinion and Order*, Kolenc*, 120 M.S.P.R. 101, ¶ 1.

¶3      The agency removed the appellant a second time effective June 20, 2014, based on:  (1) 38 specifications of misuse of a Government vehicle; (2) 50 specifications of failure to follow the appellant's assigned tour of duty;

(3) three specifications of unauthorized absences; and (4) five specifications of submitting inaccurate time and attendance records. Initial Appeal File (IAF), Tab 8 at 16-20. The appellant appealed the agency action to the Board and, among other things, denied the alleged misconduct, asserted that the deciding official failed to consider the relevant *Douglas* factors, and alleged that the lapse in time between the misconduct and the January 9, 2014 proposal notice illustrated the arbitrary and capricious nature of the action. IAF, Tab 1 at 6. After affording the appellant his requested hearing, the administrative judge sustained the charges, found that the appellant failed to prove his affirmative defenses and his defense of laches, and found that the penalty of removal was reasonable. IAF, Tab 41, Initial Decision (ID).

¶4        The appellant does not contest on review the administrative judge's findings regarding the merits of the agency's charges. Specifically, the administrative judge found that the evidence shows that on 38 occasions the appellant drove a Government vehicle approximately 55 miles roundtrip from his old duty station, where the vehicle was parked overnight, to his new duty station for his personal convenience (commuting to work); accordingly, the administrative judge sustained the first charge. ID at 4-9. Regarding the second charge, the administrative judge found that the evidence established that the appellant either began his tour of duty after his assigned start time and/or completed his tour before his assigned end time as specified by the agency, and thus the administrative judge sustained the failure to follow assigned tour of duty charge. ID at 9-10. Regarding the unauthorized absences charge, the administrative judge found that the evidence showed that the appellant was absent without leave on three occasions as specified by the agency, and thus he sustained the charge. ID at 10-12. The administrative judge also found that the agency proved that the appellant submitted inaccurate time and attendance reports on three of the five occasions specified by the agency, and thus he sustained the fourth charge. ID at 13-14.

¶5    Regarding the appellant's affirmative defenses, the administrative judge found that the appellant failed to establish that the agency violated his due process rights and did not establish that the agency retaliated against him for engaging in protected activity. ID at 15-19. The administrative judge also found that the appellant failed to show that the length of time that passed between the misconduct and the disciplinary action barred the agency from taking the removal action under the doctrine of laches. ID at 19-20. Finally, the administrative judge found a nexus between the sustained misconduct and the efficiency of the service and that the penalty of removal was reasonable. ID at 19-25.

¶6    The appellant's only arguments on review are that the agency action should be barred by the doctrine of laches and that the deciding official violated his due process rights.[2]   Petition for Review (PFR) File, Tab 3. The agency has responded in opposition to the petition for review. PFR File, Tab 5.

The agency's removal action was not barred by the equitable defense of laches.

¶7    The equitable defense of laches bars an action when an unreasonable or unexcused delay in bringing the action has prejudiced the party against whom the action is taken. *Pueschel v. Department of Transportation*, 113 M.S.P.R. 422, ¶ 6 (2010); *Social Security Administration v. Carr*, 78 M.S.P.R. 313, 330 (1998), *aff'd*, 185 F.3d 1318 (Fed. Cir. 1999). The party asserting laches must prove both unreasonable delay and prejudice. *Pueschel*, 113 M.S.P.R. 422, ¶ 6; *Carr*, 78 M.S.P.R. at 330. The mere fact that time has elapsed from the date a cause of action first accrued is not sufficient to bar an agency disciplinary action as such a delay does not eliminate the prejudice prong of the laches test. *Cornetta v.*

---

[2] We discern no basis to disturb the administrative judge's findings regarding the charges, the existence of a nexus, and the penalty. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

*United States*, [851 F.2d 1372](), 1378 (Fed. Cir. 1988) (en banc).  As to prejudice, there are two types that may stem from the delay in initiating an action.  *Id*.  First, "defense" prejudice may arise by reason of a defendant's inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events.  *Id*.  The second type, "economic" prejudice, centers on the consequences, primarily monetary, to the Government should the claimant prevail.  *Id.; see Bailey v. United States*, [144 Ct. Cl. 720](), 722 (1959) (discussing the potential economic prejudice suffered by the Government in an employment dispute).  Defense prejudice is at issue in this appeal.

¶8      The conduct that forms the basis of the agency action occurred in the first half of 2011, the agency proposed the removal at issue in January 2014, and the removal was effective in June 2014.  Thus, approximately 3 years passed from the time of the conduct to the disciplinary action.

¶9      In finding the doctrine of laches inapplicable, the administrative judge found that the agency proposed the second removal action 4 months after the Board's Opinion and Order reversing the first removal action and thus the delay was not unreasonable.  ID at 20.  The administrative judge also found that the appellant failed to show "that his ability to defend against the charges was prejudiced in any manner by the delay, much less materially prejudiced."  *Id*.  On review, the appellant asserts that the delay in the agency bringing the action should be measured from the time of the conduct that forms the basis of the agency charges.  PFR File, Tab 3 at 8.  The appellant asserts that the delay is unreasonable, particularly because the agency's "own illegal actions" caused the delay and his "inability to remember and testify about his exact activities on specific days" is understandable in light of the delay, and that he has shown prejudice.  *Id*.

¶10     We need not decide whether, in determining the application of the doctrine of laches, the relevant time period is the occurrence of the charged misconduct or

the date of the Board's Opinion and Order addressing the first removal action, as the Board has held that a 3-year period from the misconduct that formed the basis for a disciplinary action to initiating the action was not unreasonable. *Carr*, 78 M.S.P.R. at 330-31 (finding that it was not unreasonable for the agency to include misconduct that occurred more than 3 years earlier in its disciplinary action); *Special Counsel v. Santella*, 65 M.S.P.R. 452, 465-66 (1994) (finding that the Office of Special Counsel's 3-year delay in bringing a disciplinary action was not unreasonable). Furthermore, given the nature of the charged misconduct, the type of evidence presented (including extensive documentary and video evidence), and the reasoning set forth in the initial decision for sustaining the charges, the appellant's conclusory statement on review is insufficient to establish prejudice. PFR File, Tab 3 at 8. Thus, in sum, we find unpersuasive the appellant's claim that the agency's action is barred by the doctrine of laches.

The deciding official's consideration of three aggravating *Douglas* factors not specifically identified in the proposal letter did not constitute a due process violation.

¶11  The appellant also argues on review that the agency violated his due process rights when the deciding official testified that he considered aggravating factors in making his decision on the proposed disciplinary action that were not specifically identified in the proposal notice. *Id.* at 10. In finding no due process violation, the administrative judge noted the deciding official's testimony identifying seven of the *Douglas* factors as relevant to his removal decision, but that factor three, the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon his supervisor's confidence in the employee's ability to perform assigned duties, factor six, the employee's potential for rehabilitation, and factor seven, the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the appellant or others, were not

included in the proposal notice.[3]  ID at 16-17.  The administrative judge found that there was no indication that the deciding official considered information previously unavailable to the appellant in applying these additional factors, and he found credible the deciding official's testimony that he based his decision solely on the material relied upon in the proposal notice.  *Id*. at 17.  For the reasons discussed below, we agree with the administrative judge's conclusion that the deciding official did not commit a due process violation when he considered as aggravating three *Douglas* factors that were not identified in the proposal notice.

¶12        When an employer obtains new and material information through ex parte communications, an employee's constitutional due process guarantee of notice and the opportunity to respond are undermined.  *Young v. Department of Housing and Urban Development*, 706 F.3d 1372, 1376 (Fed. Cir. 2013).  Additionally, when an employee has notice only of certain charges or portions of the evidence and the deciding official considers new and material information, "procedural due process guarantees are not met because the employee is no longer on notice of the reasons for dismissal and/or the evidence relied upon by the agency."  *Id*.  This analysis applies not only to ex parte communications introducing information that previously was unknown to the deciding official, but also to information personally known and considered by the deciding official, if that information was not included in the notice of proposed removal to the appellant.  *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 10 (2011).  Consequently, when an agency relies on an aggravating factor in imposing a penalty, it should identify

---

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors to be considered when evaluating the penalty to be imposed for an act of misconduct.  In discussing the *Douglas* factors considered by the deciding official in this appeal, we are referring to the number assigned to the specific factors in this appeal and not to the numerical references in the *Douglas* decision.

the factor in the notice of adverse action so that the employee will have a fair opportunity to respond to it before the deciding official. *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶ 9 (2014), *aff'd*, 595 F. App'x 995 (Fed. Cir. 2015) (Table); *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 7 (2012); *Lopes*, 116 M.S.P.R. 470, ¶ 5.

¶13     However, not every ex parte communication rises to the level of a due process violation; only ex parte communications that introduce new and material information to the deciding official constitute due process violations. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). The question, then, is whether the ex parte communication was "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279 (Fed. Cir. 2011); *Stone*, 179 F.3d at 1377. To determine if an ex parte contact is constitutionally impermissible, the Board will consider the following factors, among others: (1) whether the ex parte communication merely introduces "cumulative" information or new information; (2) whether the employee knew of the information and had a chance to respond to it; and (3) whether the ex parte communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Wilson*, 120 M.S.P.R. 686, ¶ 8 (citing *Stone*, 179 F.3d at 1377).

¶14     We conclude that the deciding official did not consider any new or previously unavailable information. The deciding official's testimony stating that he considered the three additional *Douglas* factors as aggravating was merely a conclusion based on information that already existed in the record; the deciding official did not introduce or rely on anything not already included in the proposal letter through his testimony at the hearing, or in his penalty analysis in the decision letter.

¶15     Considering the first *Stone* factor, whether the ex parte information was merely "cumulative" or was new information, regarding *Douglas* factor three, the deciding official testified at the hearing that he based his decision that it was aggravating on the fact that a supervisor could lose trust in an employee who was "working alone in an FDA office" and who was responsible for "reviewing entries, protecting consumers . . . [and] making decisions about whether [products] would clear entry into the United States and then be used by the public," but failed to do so. Hearing Transcript, March 18, 2015 (HT1) at 134 (testimony of the deciding official). These statements echo the ones included in the proposal letter stating that the appellant was "the sole CSO" in the agency's Denver office and as such, was "expected to be able to perform [his] job with little supervision," and to "hold clients accountable to FDA standards." IAF, Tab 8 at 45. Thus, the information relied on by the deciding official in determining that *Douglas* factor three was aggravating already existed in the record and was not "new and material." *Stone*, 179 F.3d at 1377.

¶16     The same is the case with *Douglas* factor six, the appellant's potential for rehabilitation. In agreeing that he considered this factor as aggravating, the deciding official testified at the hearing that he found it difficult to recover from "a lack of trust or a lack of confidence" in an employee who misused a Government vehicle, and who potentially allowed products to enter commerce that were not properly screened because he was not on duty. HT1 at 138 (testimony of the deciding official). This language closely tracks the language used in the proposal, which noted that "[m]anagement must be able to trust that each employee uses his or her [G]overnment equipment for the purpose in which it was intended," that management must be able to trust that each employee will report according to his or her designated tour of duty, and that the appellant's misconduct "seriously impacts [his] credibility." IAF, Tab 8 at 45.

¶17     In addition, the deciding official did not consider any new or material evidence regarding *Douglas* factor seven, the adequacy of alternative sanctions.

In his testimony, the deciding official noted that he considered this factor as aggravating based on the fact that the CSO's job responsibilities are "critical to the safety of medical products and food" and that the appellant's failure to complete his duties could "have a devastating effect on the public." HT1 at 140 (testimony of the deciding official). As noted above in the discussion of *Douglas* factor three, this language also closely mirrors the language in the proposal letter describing the appellant's job duties. IAF, Tab 8 at 45.

¶18      Concerning the second *Stone* factor, whether the employee knew of the information and had a chance to respond to it, we also conclude that the appellant knew of and had an opportunity to respond to all of the information considered by the deciding official in reaching his decision. First, the appellant was provided with the opportunity to submit oral and written replies to the proposal, and did so. IAF, Tab 8 at 27-39. He also was provided with the opportunity to submit written comments in response to the agency's summary of the oral reply, which he also did. *Id.* at 34-36. As addressed above in the first *Stone* factor discussion, all of the information ultimately relied upon by the deciding official was contained within the proposal. Unlike in other Board cases finding a violation of the second *Stone* factor, the appellant here was fully apprised of the information that the deciding official relied on in reaching his decision and responded to all of it in his oral and written replies. *Cf. Solis*, 117 M.S.P.R. 458, ¶ 10 (finding a second *Stone* factor violation when an agency relied on *Giglio*[4] issues in imposing the appellant's removal without providing him notice and an opportunity to respond

---

[4] Under *Giglio v. United States*, 405 U.S. 150 (1972), investigative agencies must turn over to prosecutors, as early as possible in a case, any potential impeachment evidence concerning the agents involved in the case. *Solis*, 117 M.S.P.R. 458, ¶ 4 n.1. The prosecutor will then exercise his discretion regarding whether the impeachment evidence must be turned over to the defense. *Id.* A "*Giglio*-impaired" agent is one against whom there is potential impeachment evidence that would render the agent's testimony of marginal value in a case. Thus, a case that depends primarily on the testimony of a *Giglio*-impaired witness is at risk. *Id.*

to those issues); *Lopes*, 116 M.S.P.R. 470, ¶ 11 (finding that the deciding official's consideration in his penalty analysis of the appellant's prior 3-day suspension and specific past instances of misconduct not identified in the proposed removal did not allow the appellant an opportunity to respond, in violation of the second *Stone* factor).

¶19    Additionally, regarding the sixth *Douglas* factor (the appellant's potential for rehabilitation) considered by the deciding official, it appears that the appellant first raised his concerns about this issue in his written reply prior to receiving the decision letter. IAF, Tab 8 at 27-28. A deciding official does not violate an employee's right to due process when he considers issues raised by an employee in his response to the proposed adverse action and then rejects those arguments in reaching a decision. *Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 13 (2014) (citing *Wilson*, 120 M.S.P.R. 686, ¶ 11); *see* 5 C.F.R. § 752.404(g)(1) (stating that, in rendering a decision on a proposed adverse action, the agency will consider the reasons specified in the notice and any answer of the employee or his or her representative, or both, made to a designated official). Likewise, an employee is not entitled to know the particular weight the deciding official will attach to his arguments raised in response to the proposed adverse action in advance of the final decision. *See Wilson*, 120 M.S.P.R. 686, ¶ 12. Thus, even if the deciding official did consider the appellant's potential for rehabilitation in response to the appellant's assertion in his reply that the proposing official should have, the deciding official could have rightfully considered and rejected the appellant's arguments without committing a due process violation. *Id.*; *see* HT1 at 138 (testimony of the deciding official).

¶20    The same is true regarding *Douglas* factor seven, the adequacy of alternative sanctions. In the agency's summary of the oral reply (later clarified, but verified in substance by the appellant's response to the agency's summary), the appellant indicated that an alternative sanction could or should have been imposed for some of the time he was not at his duty station, noting that similar

conduct by another employee resulted in a letter of reprimand. IAF, Tab 8 at 36, 39. Thus, even if the deciding official did consider the adequacy of other sanctions as aggravating, he committed no error since he did so in response to the appellant's oral reply. *Wilson*, 120 M.S.P.R. 686, ¶ 12.

¶21 Finally, regarding the third *Stone* factor, the deciding official testified that he did not rely on any ex parte information and that nothing outside of the proposal letter had any influence on his decision. HT1 at 54 (testimony of the deciding official); ID at 17. Determining whether an ex parte communication was the type likely to result in undue pressure is a contextual question and requires considering the "facts and circumstances of each particular case." *Stone*, 179 F.3d at 1377. In a case like this one, wherein we ultimately find that the deciding official did not rely on any new or material information in reaching his decision, the third *Stone* factor does not play a significant role in the due process consideration. Indeed, to consider the likelihood that ex parte information might have undue pressure, there must be some ex parte information responsible for exerting that pressure. Accordingly, because we find that there is no evidence that the deciding official considered any new or material information in reaching his decision, we find that the third *Stone* factor is inapplicable in this case.

¶22 Weighing all of the *Stone* factors, we find that the deciding official did not rely on ex parte information in a manner that was "so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Id*. Thus, we conclude that the appellant's constitutionally guaranteed due process rights were not violated. We therefore deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                  /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.